**Francis SLOTCAVAGE, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 23, 1999.

Decided Jan. 28, 2000.

Kent D. Watkins, Saint Clair, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

Before PELLEGRINI, J., FRIEDMAN, J., and RODGERS, Senior Judge.

PELLEGRINI, Judge.

Francis Slotcavage (Slotcavage) petitions for review of the March 2, 1999 order of the Pennsylvania Board of Probation and Parole (Board) denying his request for an administrative appeal from the Board's order of August 12, 1998, recommitting him to a state correctional institution as a convicted parole violator relating to a federal drug conviction.

On July 15, 1987, Slotcavage began serving a five-to-ten year sentence for aggravated assault, terroristic threats, recklessly endangering another person and a motor vehicle violation. After serving his five-year minimum sentence, on July 31, 1992, Slotcavage was paroled; however, he was arrested for driving under the influence on October 10, 1996, and was recommitted as a technical parole violator to serve his unexpired term of nine months and 16 days. On May 29, 1997, Slotcavage was again reparoled upon the expiration of his original maximum date.

On November 6, 1997, Slotcavage was arrested and charged with conspiracy to distribute in excess of one kilogram of methamphetamine; possession with intent to deliver in excess of one kilogram of methamphetamine; and using a telephone to facilitate possession with intent to distribute methamphetamine, all federal charges involving criminal behavior that occurred between December 1994 and September 1995 while Slotcavage was on parole. Slotcavage pled guilty to the federal charges and was sentenced on April 3, 1998.

On May 19, 1998 and June 2, 1998, parole revocation hearings were held at the State Correctional Institution at Frackville (SCI–Frackville), and on August 12, 1998, the Board recommitted Slotcavage as a technical and convicted parole violator to serve nine months and 16 days as a result of his federal conviction. Slotcavage then filed an administrative appeal with the Board on September 8, 1998. Having received no reply to his administrative appeal, on January 11, 1999, Slotcavage filed a Petition for Review in Mandamus with this Court, requesting us to order the Board to act on his administrative appeal. Because the Board denied Slotcavage's administrative appeal on March 2, 1999, we dismissed his mandamus action as moot. This order was not appealed. Slotcavage now appeals the Board's denial of his administrative appeal.[1]

Not contending that the Board erred on the merits of his appeal, Slotcavage argues that the Board's failure to decide his administrative appeal until six months after his appeal had been filed violated his equal protection and due process rights under both the Pennsylvania Constitution and the United States Constitution.[2] He con-

---

1. Our scope of review of a Board recommitment order is limited to determining whether the Board's decision is supported by substantial evidence, is in accordance with law, and is observant of the petitioner's constitutional rights. 2 Pa.C.S. § 704; *Cromartie v. Pennsylvania Board of Probation and Parole*, 680 A.2d 1191 (Pa.Cmwlth.1996).

On September 27, 1999, we denied a Petition to Withdraw by counsel for Slotcavage because counsel's no merit letter failed to adequately address the equal protection and due process claims raised by Slotcavage.

2. Section 1 of the Fourteenth Amendment to the United States Constitution provides:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1.

tends that unless the Board is required to timely decide administrative appeals, a parolee may have to serve time unnecessarily if his appeal is granted, and because the Board's decision is a prerequisite to appeal, that his right to access the courts is denied. As a result, he contends that the Board's decision recommitting him as a convicted parole violated should be vacated.

■ Assuming that the six-month delay was an unreasonable amount of time for the Board to issue a decision,[3] a parolee's due process rights to access the courts are not violated when a parole board puts off making a decision of parole until the parolee serves his time on other crimes. *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). Likewise, Pennsylvania courts have required a showing of harm on the part of a parolee challenging the parole revocation process. In *Commonwealth v. Marchesano*, 519 Pa. 1, 544 A.2d 1333 (1988), our Supreme Court held that where a probationer[4] did not suffer any actual prejudice, a five month and three week delay in the probation revocation process did not violate the speedy process rule of Pa.R.Crim.P. 1409[5] concerning probation from "county-time," especially where the parolee would have been incarcerated in any event because he was serving time for other offenses. In the present case, the Board completed the entire revocation process on March 2, 1999, when it denied Slotcavage's administrative appeal, approximately eight years

Article I, Section 1 of the Pennsylvania Constitution provides:

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

PA. CONST. art. I, § 1.

3. Even when the Board fails to issue a timely decision, that does not mean that its decision would be reversed; it would only mean that a mandamus order would be issued for the Board to issue its decision. In *Sanders v. Com., Pennsylvania Board of Probation and Parole*, 651 A.2d 663 (Pa.Cmwlth.1994), a mandamus action in our original jurisdiction for the Board to initial its initial decision (known as the green sheet), we addressed whether the charges could be invalidated where an agency had failed to act in a timely manner. Specifically, we held that where neither the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §§ 331.1–331.34, nor the Board's regulations, 37 Pa. Code §§ 61.1–77.1, provided a time frame within which the Board had to issue a green sheet decision, and where the parolee admittedly suffered no harm because of the delay, there was no basis to dismiss the Board's allegations underlying the revocation hearing. In doing so we stated:

> [N]o basis exists for requiring the Board to dismiss with prejudice the allegations underlying the revocation hearing. Neither the Parole Act, 61 P.S. §§ 331.1–331.34, nor the Board's regulations provide a time frame within which the Board must issue a green sheet decision. Hence, the only remedy available to Sanders is an order from this Court commanding the Board to issue its decision, which it has already done. Of particular note is this Court's decision in *Morganelli v. Casey*, 166 Pa.Commonwealth Ct. 574, 646 A.2d 744 (1994), stating that the failure of an administrative agency or a court to decide a case within a reasonable time, where no time limit is statutorily prescribed, is subject to a mandamus order commanding the issuance of a decision. This principle applies with equal force to the Board in the matter sub judice where no statutory provision prescribes a time limit within which the Board must issue its revocation decision.

*Sanders*, 651 A.2d at 667.

4. In determining the reasonableness of the delay in the holding of a revocation hearing, our Supreme Court in *Marchesano* held that it is to be determined by considering the length of the delay, the reason for the delay and the prejudice to the defendant. *Id.* at 6, 544 A.2d at 1336. *See also Commonwealth v. Bischof*, 420 Pa.Super. 115, 616 A.2d 6 (1992).

5. Pa.R.Crim.P. 1409(B)(1) provides:

> (B) Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:
> (1) a hearing held as speedily as possible at which the defendant is present and represented by counsel.

before the expiration of his sentence on the federal drug charges. Because he was not prejudiced by the Board's delay in responding to his administrative appeal, Slotcavage's due process rights under the United States and Pennsylvania Constitutions were not violated.

■ As to his equal protection claim, Slotcavage contends that because Pa. R.Crim.P. 1410[6] provides that if a defendant who is found guilty after a trial or plea in a criminal trial does not receive a timely decision regarding post-trial motions, it is deemed denied by operation of law, his equal protection rights were violated because parolees are not protected by a similar provision. However, this argument fails to recognize the distinct difference between a parolee seeking to serve less than his full sentence and a criminal defendant seeking to challenge the underlying conviction upon which his incarceration is based, a distinction both federal and Pennsylvania courts have recognized in holding that the full panoply of rights due a defendant in a criminal prosecution does not apply to parole revocations. *See Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977); *McCabe v. Pennsylvania Board of Probation and Parole*, 700 A.2d 597 (Pa.Cmwlth.1997), *petition for allowance of appeal denied*, 555 Pa. 736, 725 A.2d 184 (1998). As a result, the lack of a "deemed denied" provision for the parole revocation process does not violate Slotcavage's equal protection rights.

Because there is no denial of due process or equal protection rights under either the United States Constitution or the Pennsylvania Constitution, the Board's denial of Slotcavage's administrative appeal is affirmed.

**6.** Pa.R.Crim.P. 1410(A)(2) provides that if the defendant files a timely post-trial motion and it is not acted on within 30 days by the trial

*ORDER*

AND NOW, this 28th day of January, 2000, the decision of the Pennsylvania Board of Probation and Parole dated March 2, 1999, Parole No. 5226–T, is affirmed.

judge, it is deemed denied by operation of law.