# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Cooper, :
:
          Petitioner :
:
          v. : No. 48 C.D. 2018
: Submitted: June 8, 2018
Pennsylvania Board of :
Probation and Parole, :
:
          Respondent :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                  **FILED:  August 7, 2018**

Before this Court is the petition of Michael Cooper (Cooper) for review of the December 6, 2017 determination of the Pennsylvania Board of Probation and Parole (Board) affirming its decision mailed August 3, 2016 that recalculated Cooper's maximum sentence date to August 19, 2020. For the following reasons, we affirm.

In 1996, Cooper was convicted of third-degree murder and a firearms charge and was sentenced to 10 to 20 years' imprisonment. (Certified Record (C.R.) at 1.) His original maximum sentence date on these convictions was July 1, 2015. (*Id.*) On August 29, 2005, Cooper was released on parole. (C.R. at 7.) On October 12, 2005, Cooper was arrested for Manufacture, Delivery, or Possession with Intent

to Manufacture or Deliver a Controlled Substance and related charges, and the Board lodged a detainer against him on October 13, 2005. (C.R. at 15-24; C.R. at 12.) On November 15, 2006, Cooper pleaded guilty to the charge of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance and was sentenced to 27 to 60 months' incarceration for that offense. (C.R. at 18; C.R. at 14.) On March 9, 2007, the Board recommitted Cooper to a state correctional institution (SCI) as a convicted parole violator and extended the maximum date for his 1996 sentence to September 16, 2016. (C.R. at 25; C.R. at 26-28.) On March 29, 2007, the Board modified Cooper's maximum sentence date to November 19, 2015 to give him credit for the period that he was held solely on the Board's detainer between the date he had posted bail on the new charges and his November 15, 2006 conviction and sentencing. (C.R. at 29; C.R. at 30-32; C.R. at 16.)

Cooper was again paroled from his 1996 sentence on February 22, 2010, and began serving his 2006 sentence. (C.R. at 40-45.) On March 7, 2011, Cooper was placed in a halfway house, Minsec Chester Center, and was released from Minsec Chester Center on March 27, 2012. (C.R. at 87; C.R. at 49-53.) Cooper maxed out on the 2006 sentence on November 18, 2014, but remained on parole for the 1996 convictions because he had not yet reached the maximum date of November 15, 2015 on that sentence. (C.R. at 77; C.R. at 49-51.) On April 1, 2015, Cooper was arrested for Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance, resisting arrest, and other charges. (C.R. at 78-86.) Cooper was detained on a Board warrant and was also held on the new charges because he did not post bail. (C.R. at 60-61; C.R. at 84.) On September 16, 2015, Cooper pleaded guilty to Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance and resisting arrest and was

2

sentenced to 15 to 30 months' imprisonment. (C.R. at 62; C.R. at 80.) Cooper waived a parole revocation hearing and admitted his guilty plea. (C.R. at 71-72.) Based on that admission, the Board on December 15, 2015 ordered Cooper recommitted to an SCI as a convicted parole violator to serve 24 months' backtime[1] with no credit for time at liberty on parole. (C.R. at 63-70.)

The Board, by decision mailed December 28, 2015, notified Cooper of this revocation and that his new maximum sentence date was September 9, 2021. (C.R. at 88-89.) Cooper timely challenged the Board's decision by submission of an Administrative Remedies Form in which he asserted that the Board had erred in imposing 24 months of backtime, rather than 6 to 18 months, and contended that he was entitled to credit against his sentence for 13 months that he was in a halfway house. (C.R. at 92-94.) The Board on May 19, 2016 affirmed the recommitment and backtime, but granted Cooper an evidentiary hearing on his claim for credit for the period from March 7, 2011 to March 27, 2012 that he was held at Minsec Chester Center. (C.R. at 96-97.) Following an evidentiary hearing, the Board concluded that Cooper was entitled to credit for the March 7, 2011 to March 27, 2012 period. (C.R. at 98-100; C.R. at 122-124.) The Board accordingly modified Cooper's maximum sentence date to give him credit for that period, calculating that, after subtraction of this credit, Cooper had 4 years 8 months and 5 days left to serve on his 1996 sentence, and notified Cooper that his maximum sentence date was August 19, 2020. (C.R. at 125-126; C.R. at 127.) Cooper timely submitted an Administrative Remedies Form on August 11, 2016, challenging this decision solely on the ground that "[m]y street time starts 3-27-12 and ends 11-19-15," a period of

---

[1] "'Backtime' is the portion of a judicially imposed sentence that a parole violator must serve as a consequence of violating parole before he is eligible for re-parole." *Palmer v. Pennsylvania Board of Probation and Parole*, 134 A.3d 160, 162 n.1 (Pa. Cmwlth. 2016).

3 years, 7 months, and 23 days, and that his maximum sentence date therefore should be August 6, 2019, not August 19, 2020. (C.R. at 128-130.) By determination mailed December 6, 2017, the Board concluded that Cooper's August 19, 2020 maximum sentence date was properly calculated and affirmed its decision. (C.R. at 140-141.) This appeal followed.

In this Court, Cooper argues that the maximum sentence date improperly extended his judicially imposed sentence, that the recalculation of his maximum sentence date is incorrect because it failed to give him credit for periods that he was incarcerated between February 22, 2010 and March 7, 2011 and between April 1 and September 16, 2015, and that the Board's delay in acting on his appeal for over a year warrants reduction of his maximum sentence date. We conclude that none of these arguments has merit.[2]

Contrary to Cooper's assertions, the Board did not modify his sentence. Under the Prisons and Parole Code, a recommitted convicted parole violator must generally serve the remainder of his sentence that he had not yet served at the time of his parole without credit for the time he has been at liberty on parole. 61 Pa. C.S. § 6138(a)(1), (2). Time spent at liberty on parole does not constitute service of a sentence of incarceration. *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 846 (Pa. 1979) ("Mere lapse of time without imprisonment . . . does not constitute service of sentence") (quoting *Anderson v. Corall*, 263 U.S. 193 (1923)). Extending Cooper's maximum date beyond the original July 1, 2015 date based on the periods that he was at liberty on parole did not constitute an amendment or extension of his judicially imposed sentence; rather, it merely required him to

---

[2] This Court may reverse the Board's determination only where necessary findings are not supported by substantial evidence, an error of law was committed, or constitutional rights or administrative procedures were violated. *Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 764 (Pa. 2017).

serve his full original sentence. *Young*, 409 A.2d at 846-48; *Davidson v. Pennsylvania Board of Probation and Parole*, 33 A.3d 682, 685-86 (Pa. Cmwlth. 2011).

In cases such as this, where the crime committed while on parole is a non-violent offense and no parole to federal authorities for deportation is involved, the Board in its discretion may award credit against the original sentence for time spent at liberty on parole. 61 Pa. C.S. § 6138(a)(2.1); *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 473 (Pa. 2017). The Board has broad discretion to grant or deny such credit, but must consider whether to award credit and provide a statement articulating its reason for denying credit for time spent at liberty on parole. *Pittman*, 159 A.3d at 474-75 & n.12. Cooper, however, did not challenge the Board's denial of credit for time on parole in any of his requests to the Board for administrative relief. Instead, the only challenges that he asserted with respect to his maximum sentence date were that the Board failed to give him credit for time served at a halfway house and that the Board incorrectly calculated the number of days that he was at liberty on parole. (C.R. at 92; C.R. at 128.) To the extent that Cooper is contending in this Court that the Board failed to provide a reason for its decision to not award credit for time spent at liberty on parole (*see* Petitioner's Br. at 9, 12), that argument is therefore waived. *White v. Pennsylvania Board of Probation and Parole*, 833 A.2d 819, 821 (Pa. Cmwlth. 2003) (issues not raised in the parolee's administrative appeal to the Board are waived); *McCaskill v. Pennsylvania Board of Probation and Parole,* 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993) (same).

The Board did not err in denying Cooper credit for the periods between February 22, 2010 and March 7, 2011 and between April 1 and September

5

16, 2015. The record shows that Cooper was on parole from his 1996 sentence for the period from February 22, 2010 to March 7, 2011. (C.R. at 42-45.) Although he remained incarcerated during this period, that is because he was serving a different sentence, his 2006 sentence. (C.R. at 42-43, 46-48; C.R. at 87.) An inmate who has been paroled from one sentence is not entitled to credit against that sentence for periods during that parole when he is incarcerated on another unrelated conviction. *Hines v. Pennsylvania Board of Probation and Parole*, 420 A.2d 381, 384 (Pa. 1980); *Spruill v. Pennsylvania Board of Probation and Parole*, 158 A.3d 727, 730-31 (Pa. Cmwlth. 2017); *Rosenberger v. Pennsylvania Board of Probation and Parole*, 510 A.2d 866, 867 (Pa. Cmwlth. 1986). Liberty on parole means only liberty from confinement on the particular sentence for which the parolee is recommitted as a parole violator, not liberty from all confinement. *Hines*, 420 A.2d at 384; *Hernandez v. Pennsylvania Board of Probation and Parole*, 548 A.2d 380, 381 (Pa. Cmwlth. 1988); *Rosenberger*, 510 A.2d 867. The period from February 22, 2010 to March 7, 2011 was therefore properly added to Cooper's maximum sentence date, given the Board's denial of credit for the time that he was at liberty on parole.

Cooper is likewise not entitled to credit against his 1996 sentence for the period from April 1 to September 16, 2015. Although Cooper was in custody on the Board's warrant from April 1, 2015 until he was sentenced on his new conviction on September 16, 2015, he was also held during that period on that new criminal charge because he did not post bail. (C.R. at 84.) A convicted parole violator is entitled to credit against his original sentence for periods during his parole that he has been in custody solely on the Board's warrant. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980); *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 352 (Pa. Cmwlth. 2007). He is not,

6

however, entitled to credit against his original sentence for periods during which he was held both on the Board's warrant and on new criminal charges for which he has not satisfied bail requirements; instead, that period of detention is credited against the sentence on the new charges and does not constitute service of the original sentence. *Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 764-71 (Pa. 2017); *Gaito*, 412 A.2d at 571; *Armbruster*, 919 A.2d at 352. A convicted parole violator receives credit against his original sentence for periods that he was held on both a Board warrant and other criminal charges only where he cannot receive credit against a sentence on the new charges because he was not convicted or received a sentence of imprisonment shorter than the time that he was in custody. *Smith*, 171 A.3d at 764-71; *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 308-09 (Pa. 2003); *Armbruster*, 919 A.2d at 354-56. Because Cooper was convicted on the new charge and his sentence for that offense, 15 to 30 months' imprisonment, exceeds the less than six-month period when he was held on both the Board's warrant and the new charge, the April 1 to September 16, 2015 period is credited to his new sentence, not his original sentence.

In his final argument, Cooper contends that the Board's delay in acting on his administrative appeal violated his due process rights. Cooper is correct that the Board did not issue its decision on his August 11, 2016 administrative appeal until December 6, 2017, over a year and three months after he filed the appeal. While the length of the delay on its face is substantial, it does not constitute a valid ground for relief from the Board's decision, even if it were held to be unreasonable and inexcusable. The remedy for the Board's failure to timely act on an appeal is a petition for mandamus in this Court's original jurisdiction to require the Board to issue its decision, not reversal of an otherwise correct decision after it has been

issued. *Slotcavage v. Pennsylvania Board of Probation and Parole*, 745 A.2d 89, 91 n.3 (Pa. Cmwlth. 2000); *Sanders v. Pennsylvania Board of Probation and Parole*, 651 A.2d 663, 667 (Pa. Cmwlth. 1994). Moreover, delay in issuing a decision on a parole appeal does not violate an inmate's due process rights if the delay does not harm the inmate's ability to obtain the full relief that he seeks. *Slotcavage*, 745 A.2d at 91-92. Cooper has not shown that the delay here prejudiced him, as he contends that his maximum sentence date is August 6, 2019 and the Board issued its decision over a year and a half before that date.

For the foregoing reasons, we affirm the Board's December 6, 2017 determination.

_____
**JAMES GARDNER COLINS, Senior Judge**

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Cooper,                           :
                                          :
        Petitioner                :
                                          :
        v.                        :  No. 48 C.D. 2018
                                          :
Pennsylvania Board of                     :
Probation and Parole,                     :
                                          :
        Respondent                :

## **O R D E R**

AND NOW, this 7th day of August, 2018, the December 6, 2017 determination of the Pennsylvania Board of Probation and Parole is hereby AFFIRMED.

 

_____

**JAMES GARDNER COLINS, Senior Judge**