IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bryant Johnson,                              :
                        Petitioner           :
                                             :
            v.                               :
                                             :
Pennsylvania Board of                        :
Probation and Parole,                        :    No. 1141 C.D. 2018
                        Respondent           :    Submitted: January 18, 2019


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
BY JUDGE FIZZANO CANNON            FILED:  April 11, 2019


            Bryant Johnson (Johnson) petitions for review from the Pennsylvania
Board of Probation and Parole's (Board) order dated July 18, 2018 denying his
administrative appeal challenging the 30 months of backtime imposed by the Board
when he was recommitted as a convicted parole violator.  Johnson is represented by
Jessica A. Fiscus, Esquire (Counsel), who asserts that the appeal is without merit
and seeks permission for leave to withdraw as counsel.  For the foregoing reasons,
we grant Counsel's petition for leave to withdraw as counsel and affirm the order of
the Board.

            On October 26, 2015, the Board released Johnson on parole after
serving time in a state correctional institution on his sentence of 9 months to 10
years' imprisonment for theft by deception, forgery and tampering with public

records. Certified Record (C.R.) at 1 & 8. Johnson's original maximum sentence date was January 27, 2024. *Id*. at 1. On November 9, 2015, the Board issued a detainer because, on that day, the police filed new criminal charges against Johnson. *Id*. at 12-13. Johnson waived his right to a detention hearing, and the Board ordered him detained pending disposition of the new criminal charges. *Id*. at 20 & 28.

On December 6, 2016, Johnson was convicted of the new crimes, which included robbery, a first degree felony, and possessing an instrument of crime. *Id*. at 37. Johnson requested a revocation hearing, which occurred on March 22, 2017. *Id*. at 41. At the hearing, the Board entered into evidence the certification of conviction and Johnson testified that he took responsibility for his actions and explained that he did not injure anyone or threaten anyone with a weapon when he committed the crimes. *Id*. at 51-53. The Board rendered its decision on March 31, 2017, mailed April 14, 2017, to recommit Johnson as a convicted parole violator to serve 30 months' backtime and recalculated his maximum sentence date to June 22, 2025.[1] *Id*. at 87.

On May 2, 2017, Johnson filed a timely administrative appeal challenging the Board's order and asked the Board to reduce the 2½-year "hit," *i.e.*, the 30 months of backtime imposed. *Id*. at 90. On July 18, 2018, the Board denied Johnson's request for relief, explaining that "[b]ecause you are questioning your parole "hit" time of [30] months, which is within the presumptive range, your request is not considered a petition for administrative review, as your question does not

---

[1] Johnson was sentenced on his new crimes to a term of 5 to 10 years. C.R. at 37 & 82.

relate to anything regarding the boards'[sic] current calculations." *Id*. at 92. Johnson, through court-appointed Counsel, petitioned this Court for review.[2]

In his petition for review, Johnson raises two issues: (1) he challenges the imposition of 30 months of backtime for his conviction; and (2) he contends that the recommitment violates his due process rights under the Pennsylvania and United States Constitutions. Petition for Review ¶¶ 6-7. After the Board filed the certified record in this matter, on November 9, 2018, Counsel filed a petition for leave to withdraw as counsel along with an *Anders*[3] Brief concluding that Johnson's appeal is "frivolous." Petition For Leave To Withdraw ¶¶ 2-3 (Petition to Withdraw). Though Counsel filed an *Anders* Brief for this Court's review, a no-merit letter would have sufficed as Johnson has a statutory right to counsel;[4] hence, we judge the case by the lack of merit standard. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77

---

[2] Our review is limited to determining whether the Board's findings of fact are supported by substantial evidence, whether the Board's decision is in accordance with law, or whether the parolee's constitutional rights have been violated. 2 Pa.C.S. §704; *Palmer v. Pa. Bd. of Prob. & Parole*, 134 A.3d 160, 164 n.2 (Pa. Cmwlth. 2016).

[3] *Anders v. California*, 386 U.S. 738 (1967).

[4] Johnson's right to counsel arises pursuant to Section 6(a)(10) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10) and therefore a no-merit letter is sufficient. *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009). An *Anders* Brief is required where the petitioner raises a constitutional right to counsel and, to do so, the petitioner must raise a colorable claim:

> (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Id*. at 26. The principal distinction between a no-merit letter and an *Anders* Brief is the standard of review applied to the issues on appeal. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). In a no-merit letter, the standard is "lack of merit" and in an *Anders* Brief the standard is the "slightly more rigorous frivolousness standard," which requires "a determination that the appeal lacks any basis in law or fact." *Id*. at 69-70.

A.3d 66, 70 (Pa. Cmwlth. 2013) (explaining that we will not deny a request to withdraw in cases where a no-merit letter is sufficient but counsel has chosen to submit an *Anders* Brief); *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 26 n.4 (Pa. Cmwlth. 2009). We now consider Counsel's request.

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw if counsel: (i) notifies the petitioner of the request to withdraw; (ii) furnishes the petitioner with a copy of the no-merit letter; and (iii) advises petitioner of his right to retain new counsel and to raise any new points he might deem worthy of consideration. *Miskovitch*, 77 A.3d at 69; *Hughes*, 977 A.2d at 22. The no-merit letter must detail: (i) the nature and extent of counsel's diligent review of the case; (ii) each issue the petitioner wished to have raised; and (iii) counsel's explanation as to why those issues are meritless. *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). A no-merit letter must include "substantial reasons for concluding that" a petitioner's arguments are without merit. *Zerby*, 964 A.2d at 962. Once appointed counsel fully complies with these requirements to withdraw, the Court independently reviews the merits of the petitioner's claims. *Id.* at 960.

Here, Counsel notified Johnson of her request to withdraw, as she served a copy of the petition for leave to withdraw as counsel and her *Anders* Brief on Johnson as provided in her certificate of service. Petition to Withdraw ¶ 5; Ex. A. Counsel advised Johnson, in her November 6, 2018 correspondence, that he has a right to proceed *pro se*, to retain new counsel and to raise any additional points with the Commonwealth Court that he may deem worthy of consideration. *Id*. In her *Anders* Brief, Counsel provided: a summary of Johnson's penal history; a summary of the issues Johnson raised in his appeal to the Board; and an analysis,

4

with citations to case law, statutes and regulations, to support her conclusion that this appeal lacks merit. Counsel filed a certificate of service showing that she served Johnson this Court's November 13, 2018 order granting him 30 days to obtain new counsel and have new counsel file a brief or to file his own brief. Certificate of Service filed 11/20/2018. Because Counsel complied with the requirements to withdraw, we now independently review the merits of Johnson's claims.

Before this Court, Johnson first argues that the Board erred when it imposed 30 months of backtime upon his recommitment as a convicted parole violator because he presented mitigating circumstances at his revocation hearing. *Anders* Brief at 10. Johnson asserts that at the hearing, he apologized, took responsibility for his actions and testified that he did not have a weapon and did not injure anyone when he committed his new crimes. *Id.* As explained by Counsel, the Board must order backtime based on the presumptive ranges provided in its regulations. 37 Pa. Code §75.1(a). The presumptive ranges are "intended to structure the discretion of the Board while allowing for individual circumstances in terms of mitigation and aggravation," 37 Pa. Code §75.1(b), and are intended to "directly relate to the crime for which the parolee has been convicted." 37 Pa. Code §75.1(d). The Board may deviate from the presumptive ranges but, when doing so, must provide written justification. 37 Pa. Code §75.1(c).

Here, the Board did not deviate from the presumptive ranges. The presumptive range for robbery, as a felony of the first degree, is 30-48 months and the presumptive range for possessing instruments of crime is 6 to 12 months. 37 Pa. Code §75.2. The Board recommitted Johnson to serve 30 months' backtime for both offenses, which is the lowest amount of backtime provided for a felony robbery conviction of the first degree. C.R. at 87. The Board in the exercise of its discretion

5

obviously relied on and stayed within the presumptive range of the more severe crime. Therefore, this Court will not review the Board's exercise of its discretion. *Smith v. Pa. Bd. of Prob. & Parole*, 574 A.2d 558, 560-61 (Pa. Cmwlth. 1990) (explaining that "[a]s long as the period of recommitment is within the presumptive range of the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment") (citing *Congo v. Pa. Bd. of Prob. & Parole*, 522 A.2d 676 (Pa. Cmwlth. 1987)). Though Johnson argues that the Board did not consider the mitigation evidence he presented, this Court does not consider such challenges to the recommitment order. *See Smith*, 574 A.2d at 561 (rejecting argument that Board did not give adequate consideration to the evidence presented as a mitigating circumstance because "this aspect of the recommitment order is not appealable"). Therefore, Johnson's first argument lacks merit.

Johnson next argues that the Board's delay of 14 months to decide his administrative appeal violated his due process rights to seek timely access to the courts under the Pennsylvania and United States Constitutions. *Anders* Brief at 12. Johnson filed his request for administrative relief on May 2, 2017, but the Board did not respond with its decision until July 18, 2018. *Id.* However, as explained by Counsel, the Prisons and Parole Code and the regulations do not provide a deadline by which the Board must respond to a parolee's appeal. *See* 61 Pa.C.S. §§ 6101-7123; 37 Pa. Code §§61.1-79.87. If the Board fails to decide a case within a reasonable time, where no time limit is statutorily prescribed, that does not mean that its decision will be reversed but "would only mean that a mandamus order would be issued for the Board to issue its decision." *Slotcavage v. Pa. Bd. of Prob. & Parole*, 745 A.2d 89, 91 n.3 (Pa. Cmwlth. 2000). The Board, here, rendered its decision refusing to grant Johnson relief on the imposition of his backtime, so there

is no remedy that this Court could provide Johnson even if he provided an argument with merit. Further, to show a violation of due process, the parolee must show harm or prejudice as a result of the delay. *Id*. at 91-92. Johnson cannot show harm or prejudice as a result of the Board's 14-month delay because, regardless of the outcome, Johnson would have been incarcerated serving time on a sentence. *Id*. Therefore, Johnson's second argument lacks merit.

Accordingly, we grant Counsel's petition for leave to withdraw as counsel and affirm the Board's order.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bryant Johnson,                      :
            Petitioner        :
                       :
      v.                  :
                       :
Pennsylvania Board of        :
Probation and Parole,         :    No. 1141 C.D. 2018
           Respondent    :

## O R D E R

AND NOW, this 11th day of April, 2019, the petition for leave to withdraw as counsel filed by Jessica A. Fiscus, Esquire, is GRANTED, and the July 18, 2018 order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge