IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nathan J. Cherry,                                     :
                          Petitioner                  :
                                                      :    No.  972 C.D. 2021
              v.                                      :
                                                      :    Submitted:  March 4, 2022
Pennsylvania Parole Board,                            :
                          Respondent                  :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                   FILED: August 16, 2022


        Nathan J. Cherry (Cherry) petitions for review of the order of the
Pennsylvania Parole Board (Board), mailed August 5, 2021, affirming its December
28, 2018 decision that recalculated Cherry's maximum sentence date to March 4,
2020.  Cherry contends the Board abused its discretion in denying him credit for his
time spent at liberty on parole.  Additionally, Cherry argues the Board violated his
due process rights by failing to respond to his administrative appeal for over two
years.  Upon review, we affirm the Board's decision.

## Factual and Procedural Background

### A. *Cherry I*[1]

Cherry was originally sentenced to 5 to 10 years' imprisonment followed by 5 years of consecutive probation for convictions of aggravated assault with serious bodily injury, theft of movable property, and robbery of a motor vehicle. His original maximum date on the 5- to 10-year sentence was May 8, 2016. On October 20, 2011, Cherry was paroled. On July 26, 2012, Cherry was sanctioned for driving without a license, and on September 9, 2012, Cherry was granted permission to drive. (Certified Record (C.R.) at 15.)

In 2015, Cherry was arrested on charges of driving under the influence of alcohol or a controlled substance (DUI), illegal possession of a firearm under Section 6105(a) of the Crimes Code, 18 Pa.C.S. § 6105(a), carrying a firearm without a license, and misdemeanor and summary traffic offenses. On March 2, 2016, Cherry was acquitted of the charge of illegal possession of a firearm. On March 3, 2016, Cherry pleaded guilty to DUI and traffic offenses and was sentenced to 72 hours' imprisonment, and the charge of carrying a firearm without a license was *nolle prossed*.

The Board recommitted Cherry to a state correctional institution as a convicted parole violator (CPV) to serve six months' backtime with no credit for time spent at liberty on parole. The Board's hearing report on the revocation noted that Cherry's prior offense was aggravated assault with serious injury and stated that denial of credit for time at liberty on parole was recommended because a firearm was found in his vehicle. The hearing report stated that the evidence on which the Board relied consisted only of a copy of the court record from the DUI docket and Cherry's

---

[1] For a full factual history, *see Cherry v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 623 C.D. 2018, filed November 15, 2018) (unreported) (*Cherry I*).

2

admission that he was convicted of DUI and traffic offenses and indicated that its revocation decision was based solely on Cherry's conviction.

By decision mailed June 28, 2016, the Board notified Cherry of its revocation based on his DUI conviction and that his new maximum sentence date was March 4, 2020.[2]  Cherry filed an administrative appeal challenging the Board's decision to deny him credit for time at liberty on parole.  By decision mailed August 12, 2016, the Board noted that Cherry was also convicted of two related misdemeanor traffic offenses, but made no change to the June 2016 decision and maximum sentence date of March 4, 2020.  Once more, Cherry timely submitted an administrative appeal asserting that he should receive credit for time at liberty on parole.

On September 26, 2017, while his administrative appeals were pending, the Board re-paroled Cherry.  On March 14, 2018, the Board mailed a notice of decision stating it denied credit due to a "new conviction same/similar to the original offense," "conviction involved possession of a weapon," and "public safety risk." (C.R. at 126.)  By determination mailed on March 20, 2018, the Board affirmed its August 12, 2016 decision and concluded it made no error in denying credit for time at liberty on parole.  Cherry timely appealed to this Court.

On Cherry's first appeal to this Court, we vacated and remanded to the Board because it is "for the Board, not this Court, to determine whether a firearm was in Cherry's vehicle and whether credit for time at liberty on parole should be denied based on the presence of a firearm in a parolee's vehicle, a DUI conviction, or those

---

[2] We recognize that under *Taylor v. Pennsylvania Board of Probation and Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000) (en banc), "the expiration of a parolee's maximum term renders an appeal of a Board revocation order moot."  However, mindful of our decision in *Mesko v. Pennsylvania Board of Probation and Parole*, 245 A.3d 1174 (Pa. Cmwlth. 2021), we consider the issues raised herein as the outcome of this case may affect Cherry's community supervision or later proceedings.

3

two facts in combination." *Cherry I*. Moreover, we held the appropriate remedy for the Board's inordinate delay in issuing a decision on Cherry's administrative appeal was a petition for mandamus. *Id.* Further, we directed the Board to issue its decision within 30 days. *Id.*

### B. Remand

On remand, the Board reconsidered the issue of whether to award or to deny Cherry credit for his time spent at liberty on parole. On December 21, 2018, the Board mailed a decision, stating Cherry was denied credit for time spent at liberty on parole due to "unresolved drug and alcohol issues." (C.R. at 139.) Cherry timely filed for administrative relief on January 24, 2019. (C.R. at 141-44.)

On March 4, 2020, the Board had not issued a decision on Cherry's appeal, and therefore, he filed a petition for mandamus with this Court in our original jurisdiction. (C.R. at 147.) *See Cherry v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 201 M.D. 2020). On May 19, 2020, this Court dismissed Cherry's mandamus action as moot as Cherry had completed his maximum sentence on March 4, 2020. (C.R. at 147.) Cherry timely appealed to our Supreme Court, which vacated this Court's order and remanded for reconsideration in light of *Mesko* (determining that although parolee's maximum sentence had expired, the case was not moot as the issues presented in the appeal may affect parolee's new maximum sentence date on his new charges). (C.R. at 148.) On August 5, 2021, the Board filed an amended response to the mandamus action stating it had mailed its decision regarding Cherry's administrative appeal, and thus, Cherry had received his requested relief. *Id.* Relevant here, in the August 5, 2021 decision, the Board affirmed its December 21, 2018 decision, specifically referring to the facts surrounding Cherry's DUI conviction to support denying him credit for "unresolved drug and alcohol issues." (C.R. at 150.) On August 27, 2021, the Court issued a rule to show cause as

4

to why the matter should not be dismissed as moot, to which Cherry did not respond, and on October 27, 2021, the action was dismissed. *Id.*

Subsequently, Cherry filed a petition for review to this Court.

**Discussion**

On appeal,[3] Cherry argues that the Board's denial of credit for time spent at liberty on parole must be reversed for two reasons. First, Cherry argues that the Board's reason for denying credit is contrary to the record. Second, Cherry asserts that the Board's delay in ruling on his appeal violated his due process rights.

Section 6138(a)(2.1) of the Prisons and Parole Code (Parole Code)[4] "unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence." *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 473 (Pa. 2017). In its discretion, the Board may award credit to a parolee recommitted as a CPV for time spent at liberty on parole, unless the parolee commits a crime of violence, or a crime requiring sex offender registration, or the parolee was subject to a federal removal order. 61 Pa.C.S. § 6138(a)(2.1). When exercising its discretion to deny credit for time spent at liberty on parole, the Board must provide a "contemporaneous statement" explaining its rationale. *Pittman*, 159 A.3d at 475. However, the Board's explanation need not be extensive, and "a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12. This allows the appellate court reviewing the matter to have a "method to assess the Board's exercise of discretion." *Marshall v. Pennsylvania*

---

[3] "Our review of the Board's decision is limited to determining whether constitutional rights were violated, whether the decision is in accordance with the law, or whether necessary findings are supported by substantial evidence." *Kerak v. Pennsylvania Board of Probation and Parole*, 153 A.3d 1134, 1138 n.9 (Pa. Cmwlth. 2016).

[4] While Section 6138 of the Code was recently amended by the Act of June 30, 2021, P.L. 260, these revisions are not relevant to our disposition.

5

*Board of Probation and Parole*, 200 A.3d 643, 651 (Pa. Cmwlth. 2018), *appeal denied*, 252 A.3d 1078 (Pa. 2021).

To meet the standard, "[t]he Board's credit decision should contain sufficient facts related to the parolee 'to ensure the decision is not arbitrary,'" its "statement of reasons should be informed by aggravating and mitigating circumstances and account for the parolee's individual circumstances[,]" and, "[a]t a minimum, . . . must accurately reflect the facts informing its decision." *Id.* at 652. Crucially, the Board's reason "must be accurate and related to the parolee's offenses." *Id.* at 650. In addition, "the Board's stated reason must be documented in the record and afford the parolee notice of the specific acts being referenced." *Plummer v. Pennsylvania Board of Probation and Parole*, 216 A.3d 1207, 1212 (Pa. Cmwlth. 2019) (cleaned up).

Here, the Board denied Cherry credit due to his "unresolved drug and alcohol issues." (C.R. at 150.) In its decision, the Board expressly acknowledged that Cherry's "supervision history lacks any pattern of any such drug or alcohol issues, and [his] pre-release interviews indicate[d] that [he] self-reported to have drank alcohol, and experiment[ed] with and sold marijuana prior to 2006." (C.R. at 150.) While the Board took this information into consideration, it emphasized that "the circumstances surrounding [Cherry's] DUI were particularly concerning," and these were the facts it relied upon and found sufficiently compelling to deny credit for time spent at liberty on parole. *Id.*

Summarily, the Board described the facts surrounding Cherry's DUI conviction it relied upon when reaching its decision. At approximately 6:19 a.m., Cherry was found inside a Jeep Cherokee that had run off the road and severed off a fire hydrant. *Id.* The vehicle was found partially suspended in the air, the engine running, and wheels turning. *Id.* Firefighters were eventually able to remove Cherry from the vehicle as it was "considered unsafe." *Id.* The officers responding to the

6

scene found a red solo cup containing clear liquid and a half-gallon plastic bottle of vodka under the driver's seat. *Id.* Cherry failed a field sobriety test. *Id.* There is no dispute that Cherry pleaded guilty to DUI. (C.R. at 42.) Relying upon these facts, the Board determined Cherry had "unresolved drug and alcohol issues." The Board's reason for denying credit for Cherry's time spent at liberty is accurate, related to Cherry's current offenses, and supported by the record. As such, the Board's reason for denying credit is sufficient, and thus, does not constitute an abuse of discretion.

Cherry further contends that he is entitled to credit based on numerous mitigating factors, including his parole supervision history, job history, and adjustment in the community. (Petitioner's Brief at 8.) The appropriate time to raise these factors and arguments was during the parole revocation hearing as the decision to award or deny credit is a unique area of expertise within the Board's administrative discretion. *Penjuke v. Pennsylvania Board of Probation and Parole*, 203 A.3d 401, 413 (Pa. Cmwlth. 2019) (en banc), *appeal denied*, 228 A.3d 254 (Pa. 2020). However, Cherry waived the right to a revocation hearing and did not create a record documenting these favorable factors, despite his opportunity to do so, and, therefore, the Board had no basis on which to consider them. (C.R. at 50.) Thus, we discern no abuse of the discretion by the Board in denying Cherry credit for his time spent at liberty on parole.

Lastly, Cherry contends that the Board's delay in acting on his administrative appeal violated his due process rights. As we previously stated in *Cherry I*, a delay in issuing a decision on a parole appeal does not violate a parolee's due process rights if it does not harm the parolee's ability to obtain the full relief that he seeks. *See Smoak v. Talaber*, 193 A.3d 1160, 1165-66 (Pa. Cmwlth. 2018); *Slotcavage v. Pennsylvania Board of Probation and Parole*, 745 A.2d 89, 91-92 (Pa. Cmwlth. 2000). If Cherry had prevailed on his challenge to the denial of credit for time spent at liberty on parole, his maximum sentence date would have

7

expired on May 8, 2016. However, the Board did not abuse its discretion in denying credit for time spent at liberty on parole, and thus, correctly recalculated Cherry's maximum sentence date to March 4, 2020. Importantly, this Court has rejected claims that the Board's delay violated a parolee's rights when the Board's recalculation of the parolee's maximum sentence was correct. *See Gonzalez v. Pennsylvania Board of Probation and Parole*, (Pa. Cmwlth., No. 2090 C.D. 2010, filed July 15, 2011) (determining that the Board correctly recalculated the parolee's maximum date, and therefore, the parolee's due process rights were not violated by the Board's delay in issuing a decision).[5] Because the Board properly recalculated Cherry's maximum sentence date to be March 4, 2020, we conclude that Cherry has not been prejudiced by the Board's delay in issuing a decision.

Moreover, as we stated in *Cherry I*, the appropriate remedy in this case is not to reverse the Board's decision after it has been issued, but rather to file a petition for mandamus in this Court's original jurisdiction to require the Board to issue its decision. *Sanders v. Pennsylvania Board of Probation and Parole*, 651 A.2d 663, 667 (Pa. Cmwlth. 1994). On March 4, 2020, Cherry filed the mandamus action seeking to compel the Board to issue a decision, which was and remains the appropriate remedy. Initially, on May 19, 2020 we dismissed the case as moot because Cherry's maximum sentence date expired on March 4, 2020. Cherry appealed to our Supreme Court, which remanded the case for reconsideration in light of *Mesko*. Having considered *Mesko* and the circumstances of this case, we determined the issues presented in Cherry's case could affect his new sentence and future proceedings, and therefore, directed the Board to file a response to the petition for mandamus. On August 5, 2021, the Board filed an amended response to the

---

[5] We may cite to an unreported decision of this Court issued after January 15, 2008, for its persuasive authority. 210 Pa. Code § 69.414(a).

mandamus action stating it had mailed its decision regarding Cherry's administrative appeal. Consequently, Cherry's requested relief was moot, and on October 27, 2021, following a rule to show cause, the action was dismissed as moot. As the mandamus action is the remedy for the Board's delay, we cannot award Cherry's requested relief.[6]

      Accordingly, we affirm the Board's August 5, 2021 decision.

_____

PATRICIA A. McCULLOUGH, Judge

---

[6] To be clear, we are not saying that denial of due process is acceptable, but here, under the circumstances of this case, we cannot find an abuse of discretion. Had Cherry been entitled to credit for time spent at liberty on parole, Cherry would have been prejudiced by the Board's delay because he would not have been able to obtain the full relief he sought. Thus, Cherry's constitutional rights would have been implicated. *See Smoak*, 193 A.3d at 1165-66; *Slotcavage*, 745 A.2d at 91-92.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nathan J. Cherry,               :
          Petitioner    :
                     :  No.  972 C.D. 2021
      v.            :
                     :
Pennsylvania Parole Board,   :
          Respondent  :

## *ORDER*

AND NOW, this 16th day of August, 2022, the August 5, 2021 order of the Respondent Pennsylvania Parole Board is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge