IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy A. Schell,                      :
           Petitioner           :
                                  :     No. 1013 C.D. 2021
           v.                    :
                                  :     Submitted: October 21, 2022
Pennsylvania Parole Board,       :
           Respondent     :

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
PER CURIAM                                     FILED: November 16, 2023

Timothy A. Schell (Schell) petitions for review of the August 26, 2021 order of the Pennsylvania Parole Board (Board). Therein, the Board affirmed its decision mailed July 16, 2019, which revoked Schell's parole, recommitted him as a convicted parole violator (CPV), recalculated his maximum sentence date as June 29, 2021, and ordered him to serve the remaining time on his sentence. Schell's appointed counsel, Daniel C. Bell, Esq., Chief Public Defender of Clearfield County (Counsel), submitted an Application to Withdraw as Counsel (Application) along with a *Turner*[1] letter, in which Counsel contends that the arguments raised by Schell in his Petition for Review are frivolous and without merit. Upon review, we dismiss Schell's Petition for Review and grant Counsel's Application.

## I. FACTS AND PROCEDURAL HISTORY

The relevant facts underlying this appeal are as follows. On January 15, 2010, Schell was sentenced to a state correctional institution (SCI) to serve an

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

aggregate sentence of three to eight years' incarceration. (Certified Record (C.R.) at 1-2.) Schell was paroled on March 26, 2012. (C.R. at 7-8.)

The Board issued a warrant to commit and detain Schell on August 2, 2017, due to new charges. (C.R. at 49.) On August 30, 2018, Schell was convicted of burglary and sentenced to 10 to 20 years' incarceration at an SCI. (C.R. at 82.) Following his conviction, Schell's parole revocation hearing was originally scheduled for October 9, 2018. The revocation hearing was continued a total of five times, over a period of eight months, on October 9, 2018, November 13, 2018, November 16, 2018, February 8, 2019, and March 25, 2019. All continuances were granted either at Schell's request so that he could obtain private counsel or due to his unavailability caused by an incarceration move. (C.R. at 81, 85, 89, 98, 103, 133.)

Pertinent here, on June 5, 2019, Schell was served with notice of the parole revocation hearing scheduled for June 11, 2019, but refused to sign the notice of hearing, the offender rights form, or the waiver of hearing. (C.R. at 115, 117, 118.) Schell did not attend the hearing on June 11, 2019. (C.R. at 119.) Corrections Officer Rudy,[2] a corrections officer from SCI-Houtzdale, testified that Schell was aware of the hearing and the appointed public defender's attendance and stated "eh, [he did not] give a sh*t, still ain't going." (C.R. at 125.) Additionally, Parole Agent Greg Ryan (Agent Ryan) testified that Schell was provided with a notice of the hearing and refused to sign on June 5, 2019. (C.R. at 115-19, 126.) Agent Ryan testified that he had a third party sign the notice of hearing witnessing Schell's refusal to sign. (C.R. at 115-18, 126.) The hearing examiner stated that Schell made his intentions clear that he did not wish to attend the hearing and asked the public defender to represent Schell *in absentia*. (C.R. at 126-27.)

_____

[2] Corrections Officer Rudy's first name is not included in the record.

On July 15, 2019, the Board recommitted Schell to an SCI as a CPV to serve his unexpired term of 1 year, 11 months, and 16 days, and recalculated his maximum sentence date as June 29, 2021. (C.R. at 158-59.) Schell timely filed an administrative appeal with the Board, which the Board received on July 24, 2019, wherein Schell (1) challenged the validity of the Board's June 11, 2019 revocation hearing because it was conducted without him present, and (2) contested the Board's calculation of his maximum sentence date. (C.R. at 160.) Schell filed a second administrative appeal with the Board on April 17, 2021, and again argued that the Board erroneously held his revocation hearing without him and that the Board miscalculated his maximum sentence date. (C.R. at 164.) By letter mailed August 26, 2021, the Board addressed only Schell's administrative appeal received on July 24, 2019, and affirmed its July 15, 2019 decision. (C.R. at 167-169.) Thereafter, Schell timely filed a *pro se* Petition for Review with this Court on September 16, 2021. Subsequently, this Court appointed Counsel to represent Schell, and Counsel filed an Application to Withdraw and the *Turner* letter.

## II.    ISSUES

On appeal,[3] Schell argues on behalf of all future parole violators that a parolee must be present at the parole revocation hearing unless waived in writing. Schell argues that his constitutional rights were violated by the Board holding the revocation hearing *in absentia* after he refused to attend. In turn, Schell seeks the following monetary relief: $10,000.00 for time and effort spent; $50,000.00 for the violations against Schell by the Board; and $5,000.00 in punitive relief. (Petition for Review at 2.)

---

[3] Our scope of review is limited to a determination of whether the necessary findings are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights of the parolee were violated. *See* 2 Pa. C.S. § 704; *Young v. Pennsylvania Board of Probation & Parole*, 189 A.3d 16, 18 n.3 (Pa. Cmwlth. 2018).

### III. DISCUSSION

Ordinarily, we would begin by reviewing the relevant facts and law in order to determine whether Counsel's Application is technically sound, and then turn to the merits of Schell's argument. *See Zerby v. Shanon*, 964 A.2d 956, 956-60 (Pa. Cmwlth. 2009). Here, however, such a review is not necessary because it is clear from the record that Schell's maximum sentence date has already passed as of June 29, 2021, **prior to filing his Petition for Review**, thus rendering his case moot. (C.R. at 158-59.)

"[T]he expiration of a parolee's maximum term renders an appeal of a Board revocation order moot. It is well settled that an appeal will be dismissed when the occurrence of an event renders it impossible for the court to grant the requested relief." *Taylor v. Pennsylvania Board of Probation & Parole*, 746 A.2d 672, 674 (Pa. Cmwlth. 2000) (citations omitted). We will refuse to dismiss a moot appeal if: (1) the case involves questions of great public importance; (2) the conduct complained of is capable of repetition yet likely to evade review; or (3) a party to the controversy will suffer some detriment without the court's decision. *Id.*

None of the three exceptions to the mootness doctrine applies. First, "the great public importance exception to the mootness doctrine 'is generally confined to a narrow category of cases.'" *Harris v. Rendell*, 982 A.2d 1030, 1037 (Pa. Cmwlth. 2009) (quoting *Bottomer v. Progressive Casualty Insurance Co.*, 859 A.2d 1282, 1285 (Pa. 2004)). The common nature of this claim, as well as the fact that an adjudication on the merits would neither provide Schell any relief nor break new ground in terms of case law, leads us to conclude that it is not of such public importance to satisfy this exception to the mootness doctrine. Moreover, the Board's regulations already afford parolees the right to be present at their revocation hearing unless waived in writing, the

4

parolees refuse, or the parolees behave disruptively. *See* 37 Pa. Code § 71.4(6).[4] Second, although the issue raised by Schell is capable of repetition, it is not likely to evade review. In the appropriate procedural posture, the Board's regulations are an administrative method for challenging the parolee's absence from the revocation hearing. *See* 37 Pa. Code § 73.1; *O'Hara v. Pennsylvania Board of Probation & Parole*, 487 A.2d 90 (Pa. Cmwlth. 1985) (holding that the Board did not violate parolee's right to counsel by refusing to continue the revocation hearing for the sixth time over a period of 20 months and conducting the revocation hearing *in absentia*). Third, because Schell is not challenging the recalculation of his now-expired sentence, an adjudication on the merits would not provide Schell any actual relief regarding that or any future sentence he may serve or now is serving. Therefore, none of the exceptions to the mootness doctrine apply.

---

[4] Section 71.4(6) of the Board's regulations provides that "[t]he parolee has the right to be present during the entire proceeding, unless the parolee waives that right, refuses to appear or behaves disruptively." 37 Pa. Code § 71.4(6).

Accordingly, on the basis of the foregoing discussion, we dismiss Schell's Petition for Review as moot and grant Counsel's Application.[5, 6, 7]

---

[5] Nonetheless, even if this matter was not moot, we would conclude that Schell's arguments lack merit. Schell argues that he is entitled to monetary relief because the Board denied him due process by holding his revocation hearing *in absentia* and failing to timely respond to his administrative remedies form. Schell further argues the Board violated its own rules and procedures by failing to timely respond to his administrative remedies form.

To the extent Schell argues that he is entitled to monetary relief because the Board violated his due process rights, "[t]here are two essential elements of due process in administrative proceedings: notice and opportunity to be heard." *Kiehl v. Unemployment Compensation Board of Review*, 747 A.2d 954, 957 (Pa. Cmwlth. 1999) (citing *Jennings v. Unemployment Compensation Board of Review*, 675 A.2d 810 (Pa. Cmwlth. 1996)). Regarding the first element, notice must reasonably inform interested parties of the pending action as well as the information necessary to allow either party to present objections. *Wills v. State Board of Vehicle Manufacturers, Dealers and Salespersons*, 588 A.2d 572, 573 (Pa. Cmwlth. 1991). Here, Schell was provided notice of the hearing and refused to sign that he had received notice. (C.R. at 126.)

Regarding the second element, a party who elects by his own actions to fail to appear at his revocation hearing after receiving notice thereof cannot later claim to have been denied due process. *Gutman v. State Dental Council and Examining Board, Bureau of Professional Affairs*, 463 A.2d 114, 115 (Pa. Cmwlth. 1983). A hearing was scheduled for June 11, 2019, at which time Schell could have testified on his own behalf or presented witnesses or other mitigating evidence in his defense. Schell refused to attend and is quoted as saying "eh, I don't give a sh*t, still ain't going." (C.R. at 125.) Under these facts, it was Schell's own actions, and not the Board's, that denied him the ability to attend his revocation hearing. Therefore, we would conclude that Schell's due process argument regarding his hearing lacks merit.

Schell also argues the Board's delay in acting on his administrative remedies form violated his due process rights. Schell is correct that the Board did not issue its decision for over two years after he filed his administrative appeal. Delay in issuing a decision on a parole appeal does not violate an inmate's due process rights if it does not harm the inmate's ability to obtain the full relief that he seeks. *Smoak v. Talaber*, 193 A.3d 1160 (Pa. Cmwlth. 2018); *Slotcavage v. Pennsylvania Board of Probation & Parole*, 745 A.2d 89 (Pa. Cmwlth. 2000). Here, however, Schell does not argue before this Court that the Board erred in calculating his maximum sentence date. Moreover, the remedy for the Board's failure to timely act on an appeal is a petition for mandamus in this Court's original jurisdiction to require the Board to issue its decision, not reversal of a decision after it has been issued. *Smoak*, 193 A.3d at 1166 n.7; *Slotcavage*, 745 A.2d at 91 n.3 (Pa. Cmwlth. 2000); *Sanders v. Pennsylvania Board of Probation & Parole*, 651 A.2d 663, 667 (Pa. Cmwlth. 1994). Therefore, we would conclude this argument also lacks merit.

**(Footnote continued on next page…)**

---

[6] We note that Schell is still currently incarcerated at SCI-Houtzdale serving the sentence from his new charges. *See Inmate Locator*, PA. DEP'T OF CORRECTIONS, http://www.inmatelocator.cor.pa.gov (last visited November 15, 2023). We also recognize previous decisions of this Court refusing to dismiss as moot cases where the individuals remained incarcerated in an SCI on new criminal charges and subject to the Board's jurisdiction with respect to calculation of a new maximum sentence date that may be impacted by a determination on the credit issues then present before the Court. *See, e.g.*, *Kennedy v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 846 C.D. 2020, filed May 11, 2021); *McClinton v. Pennsylvania Board of Probation & Parole* (Pa. Cmwlth., No. 1287 C.D. 2018, filed May 29, 2019). However, this case is distinguishable because Schell has not challenged the recalculation of his maximum sentence date on appeal to this Court, which could affect his sentence on his new charges.

[7] We do not grant Counsel's Application on the merits. Instead, we grant Counsel's Application on the basis that Schell's Petition for Review is moot.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy A. Schell,  :
           Petitioner  :
             :     No. 1013 C.D. 2021
         v.  :
             :
Pennsylvania Parole Board,  :
           Respondent  :

**PER CURIAM**

## ***ORDER***

AND NOW, this 16th day of November, 2023, it is hereby ORDERED that Petitioner Timothy A. Schell's Petition for Review is DISMISSED AS MOOT. On that basis, Daniel C. Bell, Esquire's Application to Withdraw as Counsel is GRANTED.