# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patrick Perry,            :
         Petitioner       :
                        :
      v.                     :
                        :
Pennsylvania Board of       :
Probation and Parole,        :    No. 1581 C.D. 2018
         Respondent    :    Submitted: August 16, 2019

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON           FILED: January 3, 2020

      Patrick Perry (Perry) petitions for review from the October 17, 2018 order of the Pennsylvania Board of Probation and Parole (Board) denying Perry's request for administrative relief which challenged the recalculation of his parole violation maximum sentence date.[1] Perry is represented by Jessica A. Fiscus, Esquire (Counsel) who asserts that the appeal is without merit and seeks permission to withdraw as counsel. For the foregoing reasons, we grant Counsel's petition for leave to withdraw as counsel and affirm the order of the Board.

---

[1] Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed or constitutional rights have been violated. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

On May 18, 2015, the Board released Perry on parole to the Harrisburg Community Corrections Center (Corrections Center) after he served time in a state correctional institution (SCI) on his original sentence of 10 to 37 years' imprisonment for robbery, burglary, unlawful restraint and possession of a controlled substance. Certified Record (C.R.) at 1-2 & 7-9. Upon parole, Perry's maximum sentence date was April 29, 2042. *Id*. at 2. Perry successfully completed the program at the Corrections Center on October 5, 2015 and the Board released him to an approved address in Harrisburg, Pennsylvania. *Id*. at 21.

On December 9, 2016, the Mechanicsburg Police Department located in Cumberland County arrested Perry, charged him with two counts of forgery and two counts of attempted theft, and placed him in county prison; the magisterial district judge set bail at $99,000, which was later reduced to $10,000. C.R. at 28-30 & 33-34. Additionally, on December 9, 2016, the Lower Paxton Township Police Department located in Dauphin County charged Perry with one count of forgery and one count of theft by deception; the magisterial district judge set bail at $10,000. *Id*. at 22-24 & 27. The Board also issued its detainer on December 9, 2016. *Id*. at 36. Six days later, on December 15, 2016, the Susquehanna Township Police Department located in Dauphin County charged Perry with two counts of forgery, one count of theft by deception, and one count of criminal contempt; the magisterial district judge set bail at $5,000 on these charges. *Id*. at 37-40 & 43.[2] Perry did not post bail on any of the criminal charges brought against him in Cumberland or Dauphin County. *Id*. at 27, 33 & 42. Subsequently, the Board scheduled a detention

---

[2] The Lower Paxton Township Police Department had Perry confined in Dauphin County prison commencing December 15, 2016. C.R. at 26. Perry was confined at the Cumberland County Prison commencing December 19, 2016. *Id*. at 42.

hearing but Perry waived his right to counsel and the hearing. *Id*. at 44-46. The Board detained Perry pending disposition of the criminal charges. *Id*. at 56.

On April 18, 2017, Perry pleaded guilty to one count of "[t]heft [b]y [d]eception-[f]ail [t]o [c]orrect" and forgery resulting from the Mechanicsburg charges. C.R. at 59 & 67. The Board scheduled a revocation hearing, but Perry waived his right to counsel and the hearing, and Perry admitted to the new convictions. *Id*. at 62-64. On July 18, 2017, the Cumberland County Court of Common Pleas sentenced Perry to an aggregate sentence of one and one-half years to four years' imprisonment at an SCI and gave Perry credit for time served from the date of arrest on December 9, 2016 to the date of the sentencing order, July 18, 2017. *Id*. at 78. On the same day, the Board recorded its decision, mailed July 28, 2017, to recommit Perry as a convicted parole violator to serve nine months' backtime "when available" and upon his return to an SCI. *Id*. at 79-80.

On September 11, 2017, Perry pleaded guilty to one count of forgery resulting from the Lower Paxton Township charges and received a sentence of one to two years' imprisonment at an SCI. C.R. at 83 & 87. On the same day, Perry pleaded guilty to two counts of forgery resulting from the Susquehanna Township charges, graded as third degree felonies, and received a sentence of one to two years' imprisonment at an SCI. *Id*. at 83 & 95. The Dauphin County Court of Common Pleas ordered these sentences to be served concurrently to each other but consecutive to "all outstanding matters." *Id*. at 83. The Dauphin County Court of Common Pleas further ordered that the time Perry served in county jail, from December 19, 2016 to September 11, 2017, be applied to the sentencing order on the new convictions. *Id*. at 134-36. Thereafter, the Board scheduled a revocation hearing resulting from the Dauphin County convictions, but Perry waived his right to counsel and the hearing.

3

*Id*. at 108-11. The Board issued its decision, mailed February 6, 2018, to recommit Perry to an SCI as a convicted parole violator to serve a total of 36 months of backtime and provided that this time is to run concurrently with the nine months of backtime ordered in its earlier decision mailed July 28, 2017. *Id*. at 121. The Board further declined to award Perry credit for time spent at liberty on parole because he was "on parole for a violent crime, theft related" and he was "convicted of multiple theft related crimes." *Id*. at 122. The Board indicated that Perry was not eligible for re-parole until September 11, 2020 and re-calculated his maximum sentence date to August 23, 2044. *Id*. at 121 & 123.

Perry filed a timely administrative appeal of the Board's February 6, 2018 decision raising "a variety of issues" including "due process violations, errors of law, and what appears to be administrative and clerical errors." C.R. at 125-27.[3] Specifically, Perry asserted that the Board erred when it refused to grant him credit for time at liberty on parole because he was "not a sex offender . . . [his] crimes are of a non-violent nature, and . . . [he has] never been subject to a federal indictment." *Id*. at 126. Perry also contended that the amount of backtime imposed by the Board "greatly exceeds the recommended guidelines[.]" *Id*. at 127. Finally, Perry challenged his recalculated maximum sentence date. *Id*. After review of Perry's appeal, the Board, by decision mailed October 17, 2018, denied Perry's request for relief, concluding that "[t]he record in this matter establishes that the Board decision

---

[3] Additionally, Perry filed a second appeal entitled a "Request for Administrative Review" and an "Amendment for Request for Administrative Review," but the Board did not receive the second filing until March 20, 2018, which exceeded the 30-day deadline for an appeal of the Board's decision. C.R. at 138-59; *see* 37 Pa. Code § 73.1(a)(1) & (b)(3) (providing that petitions for administrative review must be filed within 30 days of the mailing date of the Board's determination and "[s]econd or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received").

4

mailed February 6, 2018 . . . is supported by substantial evidence, does not constitute an error of law, and does not violate [Perry's] constitutional rights." *Id*. at 164.

Perry, through court-appointed Counsel, filed a timely petition for review with this Court challenging the Board's decision mailed October 17, 2018. After petitioning this Court for review, on February 15, 2019, Perry's Counsel filed a petition for leave to withdraw as counsel. In her petition for leave to withdraw as counsel, Counsel represents that she sent a copy of an *Anders* Brief[4] to Perry and "a letter advising him of his right to retain new counsel, to proceed *pro se*, or to raise any additional points that he deems worthy of the Court's attention." *See* Petition for Leave to Withdraw as Counsel ¶ 5. Counsel further represents that she reviewed

---

[4] The *Anders* Brief derives its name from a line of cases commencing with the United States Supreme Court's decision in *Anders v. California*, 386 U.S. 738 (1967), which addressed the standards for withdrawal of appointed counsel. *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 22 (Pa. Cmwlth. 2009). An *Anders* brief is required where the petitioner raises a constitutional right to counsel and, to do so, the petitioner must raise a colorable claim:

> (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes,* 977 A.2d at 26.

Here, Perry has a statutory, rather than a constitutional, right to counsel. *See* Section 6(a)(10) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10) (providing that "[t]he public defender shall be responsible for furnishing legal counsel, in the following types of cases, to any person who, for lack of sufficient funds, is unable to obtain legal counsel: . . . (10) Probation and parole proceedings and revocation thereof"). Therefore, Counsel is only required to submit a no-merit letter in support of her petition to withdraw. *See also Hughes*, 977 A.2d at 25-26. The principal distinction between a no-merit letter and an *Anders* Brief is the standard of review applied to the issues on appeal. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). In a no-merit letter, the standard is "lack of merit," and in an *Anders* Brief, the standard is the "slightly more rigorous frivolousness standard," which requires "a determination that the appeal lacks any basis in law or fact." *Id*. at 69-70. Here, we apply the lack of merit standard.

her file, Perry's filing and correspondence, case law and the certified record and that "[a]fter making a conscientious examination, [C]ounsel has concluded that an appeal at the instant docket would be frivolous." *Id*. ¶¶ 2-3.

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw if counsel satisfies the following requirements: (i) she must notify the petitioner of the request to withdraw; (ii) she must furnish the petitioner with a copy of a no-merit letter; and (iii) she must advise the petitioner of his right to retain new counsel and to raise any new points he might deem worthy of consideration. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013); *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 22 (Pa. Cmwlth. 2009). The no-merit letter must detail: (i) the nature and extent of the counsel's review; (ii) each issue the petitioner wished to have raised; and (iii) counsel's explanation as to why those issues are meritless. *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). A no-merit letter must include "substantial reasons for concluding that" a petitioner's arguments are without merit. *Zerby*, 964 A.2d at 962. Once appointed counsel fully complies with these requirements to withdraw, the Court independently reviews the merits of the petitioner's claims. *Id.* at 960.

Here, Counsel met the technical requirements to withdraw. On February 13, 2019, Counsel served Perry with a copy of the petition for leave to withdraw as counsel and the *Anders* Brief. *See* Certificate of Service attached to the Petition for Leave to Withdraw as Counsel. In her February 13th letter enclosed with the petition for leave to withdraw as counsel, Counsel advised Perry that "you have a right to proceed *pro se* (on your own) . . . to retain new counsel, and to raise any additional points with the Commonwealth Court that you deem worthy of the

6

Court's attention." *See* Petition for Leave to Withdraw as Counsel ¶ 5 & Ex. A. On March 4, 2019, Counsel filed a Certificate of Service with this Court certifying that she served Perry with a copy of this Court's order dated February 21, 2019 by first class mail. *See* Certificate of Service dated 2/28/19. This Court's February 21, 2019 order gave Perry 30 days to obtain substitute counsel at his own expense or to file a brief on his own behalf in light of Counsel's request to withdraw. *See* Cmwlth. Ct. Order dated 2/21/19(1)-(2). Upon review of the *Anders* Brief, Counsel analyzed Perry's issues and explained why each lacks merit citing law to support her conclusion. We now independently review the merits of Perry's claims.[5]

Before this Court, Perry raises four issues for our consideration. First, Perry contends that the Board erred when it refused to give him credit for time spent at liberty on parole. Petition for Review ¶ 8; *Anders* Brief at 22-23. Section 6138(a)(2) of the Prisons and Parole Code (Parole Code) provides that if the Board orders recommitment as a convicted parole violator, the "parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted" and "shall be given no credit for the time at liberty on parole." 61 Pa.C.S. § 6138(a)(2). But the Board may, in its discretion, award credit to a convicted parole violator for time spent at liberty on parole, unless the offender is convicted of certain offenses. 61 Pa.C.S. § 6138(a)(2.1). These offenses include a crime committed during the period of parole that is a crime of violence as defined in Section 9714(g) of the Sentencing Code, 42 Pa.C.S. § 9714(g),

---

[5] We note that on May 13, 2019, Perry, *pro se*, filed a brief with this Court raising additional issues. Perry failed to raise these issues before the Board when he appealed its February 6, 2018 decision. *See* C.R. at 125-27. Therefore, the additional issues raised by Perry in his May 13, 2019 brief to this Court are waived, and our review is limited to those issues raised here that were also raised by Perry before the Board. *See* discussion *supra* at p. 4; Pa.R.A.P. 1551(a) (providing that "[n]o question shall be heard or considered by the court which was not raised before the government unit").

or a crime requiring registration (relating to registration of sexual offenders). 61 Pa.C.S. § 6138(a)(2.1). If the Board exercises its discretion and decides not to award credit for time spent at liberty on parole, "the Board must provide a contemporaneous statement explaining its reason." *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 475 (Pa. 2017); *see also Smoak v. Talaber*, 193 A.3d 1160, 1165-66 (Pa. Cmwlth. 2018). The Board's reason need not be extensive and a single sentence is "likely sufficient in most instances." *Pittman*, 159 A.3d at 475 n.12; *see also Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207 (Pa. Cmwlth. 2019) (explaining that the Board's reason for denying credit was sufficiently explained with the statement that it was due to the parolee's "prior history of supervision failures"). The Board's reason must be explained "in sufficient detail to permit meaningful appellate review[,]" and, to do this, the reason should relate to the particular parolee and include an assessment of the facts informing its decision. *Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 651 (Pa. Cmwlth. 2018) (holding that the statement did not meet the *Pittman* standard because the Board did not explain why felony drug-related charges following parole from a murder conviction warranted denial of credit for time spent at liberty on parole).

Here, Perry's convictions on three counts of forgery did not constitute crimes of violence or require registration, and therefore, the Board had discretion to award Perry credit for time spent at liberty on parole. The Board decided not to award Perry credit and, in so deciding, explained that Perry was on parole for "a violent crime, theft-related" and was "convicted of multiple theft-related crimes." C.R. at 119 & 122. The Board's reason addresses Perry's individual circumstances as reflected in the certified record because he was on parole for a violent theft-related crime, robbery, and while on parole was charged with and eventually convicted for

8

multiple theft-related crimes, including theft by deception and several counts of forgery-unauthorized act in writing, third-degree felonies. C.R. at 8-9, 59 & 83. The Board did not simply restate the offenses for which Perry was most recently convicted; the Board compared Perry's recent convictions to his original convictions and observed that the new convictions involved theft as did his original convictions. *Id.*; *see Williams v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1243 C.D. 2018, filed Aug. 21, 2019), slip op. at 11-12 (holding that the Board's statement complied with *Pittman* when the Board compared the inmate's original convictions and most recent convictions and determined that they were the same or similar to his original offense).[6] The Board provided a rationale for its decision as required by *Pittman* when it refused to award Perry credit for time spent at liberty on parole and, therefore, Perry's first argument lacks merit.

Second, Perry argues that the Board erred in imposing 36 months' backtime because it was excessive "where the trial court elected to run his sentences for the three forgery convictions concurrently and where the amount of backtime exceeded the two-year maximum sentence imposed at sentencing." Petition ¶ 9; *Anders* Brief at 18. The Board must order backtime based on the presumptive ranges provided in its regulations when a parolee is convicted of a new criminal offense while on parole. 37 Pa. Code § 75.1(a). The presumptive ranges are "intended to structure the discretion of the Board while allowing for individual circumstances in terms of mitigation and aggravation," 37 Pa. Code § 75.1(b), and are intended to "directly relate to the severity of the crime for which the parolee has been convicted." 37 Pa. Code § 75.1(d). The Board may deviate from the presumptive ranges but, when doing so, must provide written justification. 37 Pa. Code § 75.1(c). Perry

---

[6] An unreported opinion of this Court may be cited and relied upon when relevant for its persuasive value but not as binding precedent. 210 Pa. Code § 69.414(a).

admitted to the Board that he had three forgery convictions and on this basis the Board rendered its decision. C.R. at 83, 90, 95, 110-11 & 121. The presumptive range that applies when a parole violator is convicted for the crime of forgery is 6 to 12 months. *See* 35 Pa. Code § 75.2. The Board's imposition of 36 months for three separate forgery convictions is within the presumptive range as the Board imposed 12 months for each conviction; therefore, this Court will not further review the Board's exercise of its discretion. *See Bradley v. Pa. Bd. of Prob. & Parole*, 587 A.2d 839, 840 (Pa. Cmwlth. 1991) (explaining that the "longstanding authority" supports this Court's refusal to review the Board's exercise of discretion in imposing backtime within the codified presumptive ranges).

Nevertheless, Perry asserts that the Board erred because his backtime cannot exceed the maximum sentence imposed for his new forgery convictions of two years. Section 75.2 of the Board's regulations, 37 Pa. Code § 75.2, provides that:

> If the Board orders the recommitment of a parolee as a convicted parole violator, the parolee shall be recommitted to serve an additional part of the term *which the parolee would have been compelled to serve had he not been paroled*, in accordance with the [presumptive ranges listed therein].

Thus, the Board can recommit a parolee to serve the part of the original sentence that he would have been compelled to serve "had he not been paroled." *Id.* But this Court has explained that the "sum total aggregate backtime imposed by the Board plus the time served prior to parole *cannot* exceed the total aggregate maximum sentence first imposed by the trial court." *Davenport v. Pa. Bd. of Prob. & Parole*, 656 A.2d 581, 583 (Pa. Cmwlth. 1995) (emphasis in original) (citing *Merritt v. Pa. Bd. of Prob. & Parole*, 574 A.2d 597, 597-98 (Pa. 1990)). Here, the total aggregate

10

maximum sentence that Perry received on his initial conviction before the Board released him on parole was 37 years. C.R. at 7. Perry served 10 years and 19 days prior to his parole on May 18, 2015, and the Board recommitted him to serve 36 months, that is, 3 years, of backtime after his 3 forgery convictions. *Id*. at 121-22. Adding 3 years of backtime to 10 years and 19 days does not, in the aggregate, exceed the 37-year maximum on his original sentence. Therefore, the Board did not err when it imposed the backtime. Consequently, we conclude that Perry's second argument lacks merit.

Third, Perry contends that the Board erred in the re-calculation of his new maximum sentence. Petition ¶ 7; *Anders* Brief at 24-25. Initially, we observe that the Board did not award Perry credit for time served awaiting conviction and sentencing on his new criminal charges. Though bail was set on the new charges, Perry failed to post it; therefore, this time served was appropriately applied to the new sentences rather than to his original sentence. *See Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. Cmwlth. 1980); *see also Smith v. Pa. Bd. of Prob. & Parole*, 171 A.3d 759, 769 (Pa. 2017); *accord Commonwealth v. Gibbs*, 181 A.3d 1166, 1167 (Pa. Super. 2018) (holding that if an "inmate is incarcerated prior to disposition and has both a detainer and has failed for any reason to satisfy bail, the credit must be applied to the new sentence by the sentencing court").[7] When the Board paroled Perry from an SCI on May 18, 2015, he had 26 years, 11 months and 11 days (that is, 9,843 days) remaining on his original sentence. C.R. at 123. Perry became available to recommence service on his original sentence on September 11, 2017. *Id*. The Board added the time Perry had remaining on his original sentence,

---

[7] The record shows that the Cumberland County Court of Common Pleas and the Dauphin County Court of Common Pleas applied the time Perry served while awaiting conviction and sentencing to Perry's new sentences. C.R. at 78 & 136.

9,843 days, to September 11, 2017, the date Perry recommenced service of his original sentence, which resulted in a new maximum date of August 23, 2044. *Id.* The Board did not err in recalculating Perry's new maximum sentence date. Therefore, we conclude that Perry's third argument lacks merit.

Finally, Perry asserts that the Board erred by delaying seven months before responding to his request for administrative relief in violation of his right to state and federal due process. Petition ¶ 6; *Anders* Brief at 21. Perry filed his request for administrative relief on February 28, 2018, and the Board did not issue a response until October 17, 2018. C.R. at 125 & 164. Neither the Parole Code nor the regulations set a deadline for the Board to act on a parolee's administrative appeal of a revocation decision. *See generally* 61 Pa.C.S. §§ 6101-6153; 37 Pa. Code §§ 61.1-77.2. If the Board does not decide the case in a reasonable amount of time, in the absence of a statutorily prescribed timeline, the parolee's relief is to seek a mandamus order to command the issuance of a decision. *Slotcavage v. Pa. Bd. of Prob. & Parole*, 745 A.2d 89, 91 n.3 (Pa. Cmwlth. 2000). Since the Board issued its decision, there is no relief that this Court can order in a mandamus action. To the extent Perry asserts that the Board's failure to issue a timely decision violates his due process rights, Perry cannot show how the length of time spent awaiting the Board's decision has caused him harm or prejudice. *See id*. at 91. Perry appealed the Board's February 6, 2018 decision on March 2, 2018, but the Board did not mail its decision denying Perry relief until October 17, 2018, over seven months later. *See* C.R. at 122, 125 & 162-64. Though the Board took seven months to render its decision, Perry was not harmed by the delay because he owed well in excess of seven months on his original sentence, C.R. at 123, and therefore, Perry would have served this time incarcerated even if the Board had issued its decision more promptly. *See*

*Slotcavage*, 745 A.2d at 91-92 (holding that parolee was not prejudiced by Board's six-month delay in responding to his administrative appeal where Board completed entire revocation process approximately eight years before expiration of his sentence).  Therefore, we conclude that Perry's fourth argument lacks merit.

For the foregoing reasons, we grant Counsel's petition for leave to withdraw as counsel and affirm the Board's order.

_____
CHRISTINE FIZZANO CANNON, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patrick Perry,                          :
          Petitioner          :
                                     :
          v.                 :
                                     :
Pennsylvania Board of                   :
Probation and Parole,                   :      No. 1581 C.D. 2018
          Respondent          :

## O R D E R

AND NOW, this 3rd day of January, 2020, the petition for leave to withdraw as counsel filed by Jessica A. Fiscus, Esquire is GRANTED, and the October 17, 2018 order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge