# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Willie Robinson,                          :

            Petitioner           :

                           :

      v.                       :

                           :

Parole Agent Snyder, Records Officer  :

B. Boyce, Hearing Examiner Mr. From,  :

Current Parole Board Members,       :

A.R. Designee Scott Woolf, S. Kerwin  :

Case Technician,                 :   No. 676 M.D. 2020

           Respondents      :   Submitted: June 17, 2022

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED: October 26, 2022

        Before this Court are Parole Agent Snyder's (Snyder), Records Officer B. Boyce's (Boyce), Hearing Examiner Mr. From's (From), Current Parole Board Members', A.R.[1] Designee Scott Woolf's (Woolf), and Case Technician S. Kerwin's (Kerwin) (collectively, Respondents) preliminary objections (Preliminary Objections) to Willie Robinson's (Robinson) pro se motion to compel (Petition)[2] filed in this Court's original jurisdiction, and Robinson's Motion for Judgment on

---

[1] A.R. appears to stand for "Administrative Review." Petition Ex. A.

[2] On February 3, 2021, this Court ordered that Robinson's motion to compel "shall be treated as a Petition for Review [(Petition)] addressed to this Court's original jurisdiction." Feb. 3, 2021 Order at 1.

        The Petition does not reflect Snyder's, Boyce's, From's, Current Parole Board Members', or Kerwin's full names.

the Pleadings (Motion). After review, this Court overrules the Preliminary Objections and denies the Motion.

## Background[3]

In 2009, Robinson pled guilty to drug charges for which he was sentenced to 1½ to 10 years in prison (Original Sentence), and incarcerated at the State Correctional Institution at Somerset. *See* Petition at 3;[4] *see also* Petition ¶ 17. At that time, his Original Sentence maximum release date was June 24, 2019. *See id.* Robinson was released on parole in 2010.

In 2011, Robinson was again convicted of drug charges. Robinson elected to have a full Parole Board revocation hearing, during which he objected that the Parole Board violated the 120-day revocation hearing deadline. *See* Petition ¶ 17. By notice mailed January 24, 2013, the Parole Board recommitted Robinson as a convicted parole violator (CPV) to serve 18 months of backtime on his Original Sentence based on the new charges.[5] *See* Petition Ex. G. The notice reflected that Robinson's new Original Sentence maximum release date was June 27, 2021. *See id.* Robinson was subsequently reparoled.

In 2015, Robinson was convicted of driving under the influence of a controlled substance. By notice recorded June 3, 2016 (mailed June 23, 2016),[6] the

---

[3] The facts are those as averred by Robinson in the Petition and represented in the documents attached thereto.

[4] Because the Petition's pages are not numbered, the page numbers referenced herein are the electronic pagination assigned by this Court's docketing system.

[5] Robinson asserts that he successfully appealed from the Parole Board's January 24, 2013 decision, but the Parole Board failed to restore his Original Sentence maximum release date. *See* Petition ¶ 17. Robinson did not attach the appeal documents to the Petition, and he does not make any further argument in the Petition concerning the Board's January 24, 2013 action.

[6] Although the decision recorded June 3, 2016 does not show when the Parole Board mailed it, in their brief to this Court, Respondents represent that the Parole Board mailed the June 3, 2016 decision on June 23, 2016. *See* Respondents' Br. Ex. C at 1.

Parole Board recommitted Robinson as a CPV to serve 12 months of backtime on his Original Sentence based on the new charge. *See* Petition Ex. F. The notice stated that Robinson's new Original Sentence maximum release date was November 12, 2022. *See id.* On July 11, 2016, Robinson timely filed an administrative remedies form challenging the Parole Board's June 3, 2016 decision (mailed June 23, 2016) recalculating his Original Sentence maximum release date (Appeal). *See* Petition ¶ 18; *see also* Respondents' Br. Ex. C at 1. The Parole Board never issued a response thereto.[7] *See* Petition Ex. E.

In May 2019, the Parole Board recommitted Robinson as a CPV to serve six months of backtime on his Original Sentence for a tampering with evidence conviction. *See* Petition ¶ 12. On September 17, 2019, the Parole Board recommitted him as a CPV to serve 12 months of backtime on his Original Sentence for the evidence tampering charge.[8] *See id.*

---

[7] In addition, on February 24, 2020, Robinson filed a petition for writ of mandamus/motion to compel in this Court's original jurisdiction seeking to have this Court issue an order for the Parole Board to, *inter alia*, respond to his sentence recalculation inquiry. *See Robinson v. Pa. Prob. & Parole* (Pa. Cmwlth. No. 189 M.D. 2020); Petition ¶ 8. On March 5, 2020, this Court dismissed Robinson's action because sentence recalculation challenges must be brought in this Court's appellate jurisdiction. *See* Mar. 5, 2020 Order. Indeed, "this Court's appellate jurisdiction over a decision of the [Parole] Board . . . does not attach until after the [Parole] Board has entered a final appealable order, usually denying administrative relief, and an appeal has been taken therefrom." *Fultze v. Pa. Parole Bd.*, 271 A.3d 539 (Pa. Cmwlth. 2021) (quoting *Bowman v. Pa. Bd. of Prob. & Parole*, 709 A.2d 945, 949 (Pa. Cmwlth. 1998)).

"Generally, when considering preliminary objections . . . , a court may not take judicial notice of the records in another case. This general rule is subject to limited exceptions." *Guarrasi v. Scott*, 25 A.3d 394, 398 n.3 (Pa. Cmwlth. 2011). "It is appropriate for a court to take notice of a fact which the parties have admitted or which is incorporated into the complaint by reference to a prior court action." *Id.* (quoting *Styers v. Bedford Grange Mut. Ins. Co.*, 900 A.2d 895, 899 (Pa. Super. 2006)).

[8] Both the Parole Board and this Court determined that the Parole Board's September 17, 2019 decision was a parole denial, rather than a recommitment order. On May 12, 2020, Woolf acknowledged receiving Robinson's September 25 and October 16, 2019, and March 10, 2020 correspondence following the Parole Board's September 17, 2019 decision, and responded that, since the Parole Board action was a denial of parole which is at the Board's discretion and not

On October 2, 2019, Robinson submitted a Department of Corrections (DOC) Form DC-135A (Inmate's Request to Staff Member), inquiring whether the Parole Board had answered his Appeal. That same day, DOC staff member Snyder responded: "I do not know. That information would have been sent directly to you."[9] Petition Ex. E.

By January 20, 2020 Inmate's Request to Staff Member, Robinson sought an explanation regarding how his Original Sentence maximum date was changed from June 24, 2019 to November 12, 2022.[10] *See* Petition Ex. C. On January 22, 2020, DOC staff member Boyce responded: "[The] Parole [Board] does the calculations. You need to address this issue with [the Parole Board]."[11] Petition Ex. C.

By March 1, 2020 Inmate's Request to Staff Member, Robinson asked whether DOC's records reflect that his 18-month recommitment had been rescinded, thereby returning his Original Sentence maximum release date to June 24, 2019. *See* Petition Ex. B. Boyce responded: "No. I do not. Your last Parole Board [a]ction

---

appealable, Robinson was not entitled to administrative relief. *See* Petition Ex. A; *see also Robinson v. Pa. Parole Bd.* (Pa. Cmwlth. No. 359 C.D. 2020), May 22, 2020 Order.

Robinson claims that Woolf responded to him regarding the parole denial, but ignored his recalculation challenge. *See* Petition at 12-13, 24-26. Robinson also avers that he drafted the October 16, 2019 and March 10, 2020 letters to DOC staff member Kerwin, who did not respond thereto. *See* Petition ¶ 21; *see also* Petition at 11, 34-35.

[9] Form DC-135A is an internal DOC form "used to ask for information, interviews, or other things from [DOC] staff members." Section II.C of the Inmate Handbook. www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/2017%20DOC%20Inmate%20Han dbook.pdf (last visited Oct. 25, 2022). Inmates cannot seek information from the Parole Board staff in this manner because the Parole Board is a separate agency.

Robinson contends that Snyder was aware of his recalculation challenge but failed to investigate his claims or otherwise "help [him] in any way as [his] parole agent. She directed [him] to write [to] parole when she is [(i.e., represents)] parole." Petition at 16; *see also* Petition at 27-28.

[10] Therein, Robinson acknowledged that his maximum sentence release date had since been recalculated to "2023." Petition Ex. C.

[11] According to Robinson, Boyce failed to investigate his sentence recalculation concerns and other accusations. *See* Petition at 29.

4

was dated [June 6, 2019,] and your recomputed max date is [November 24, 2023]." Petition Ex. B.

On March 13, 2020, Robinson appealed from the Parole Board's June 3, 2016 decision to this Court. *See Robinson v. Pa. Parole Bd.* (Pa. Cmwlth. No. 359 C.D. 2020); Petition ¶ 9. On May 12, 2020, Robinson filed an amended petition for review in this Court. This Court dismissed Robinson's appeal, declaring, in relevant part:

> [U]pon consideration of the amended petition for review, and it appearing that [Robinson] is appealing [from the Parole Board's] decision recorded on June 3, 2016, which decision is subject to the [Parole B]oard[']s administrative remedies procedure, and it further appearing that [Robinson] may have sought administrative relief, but that the [Parole] Board has not issued a determination granting or denying his administrative appeal, the [amended] petition for review is dismissed on the basis it was taken from a nonfinal order. *See Pometti v. Pa. Bd. of Prob. & Parole*, 705 A.2d 953 (Pa. Cmwlth. 1998) ([Parole] Board must issue a final decision on merits of parolee's claims after its own appellate review).

May 22, 2020 Order.

By October 7, 2020 Inmate's Request to Staff Member, Robinson requested the name of his revocation hearing examiner. *See* Petition Ex. D. On October 13, 2020, Snyder responded: "They announced their names to you in your interview. I am not permitted to give you that information." Petition Ex. D.

On December 2, 2020, Robinson filed the Petition in the Somerset County Common Pleas Court (Docket No. 647 Civil 2020), which was transferred to this Court on December 22, 2020.[12] Therein, Robinson asserts that he has sent at

---

[12] Robinson also filed a Motion to Proceed *In Forma Pauperis*, which this Court denied on February 3, 2021.

least 12 letters and filed at least 6 administrative remedies forms over 4 years challenging his Original Sentence maximum release date calculation, his backtime presumptive range violations, and sentence credit requests without a response from Respondents/the Parole Board. *See* Petition ¶¶ 6-7, 11, 13-14, 18. He also declares that his public defender, Marc Valentine, Esquire (Counsel), "has sent numerous letters to the [Parole] Board[,] [b]ut [the Parole Board] never responded to him." Petition ¶ 5. Robinson claims that the Parole Board responded to his parole denial challenge, but not his Original Sentence calculation challenge Appeal.[13] *See* Petition ¶ 15. Robinson also requests in the Petition for this Court to order the Parole Board to produce Robinson's entire parole file, which he contends will support his Appeal. *See* Petition at 2. Robinson makes claims against and seeks damages from Respondents under Section 1983 of the Civil Rights Act of 1871,[14] and for due process violations, emotional distress, false imprisonment, improper prisoner contracting, and retaliation, based on the Parole Board's failure to render a decision regarding his Appeal.

On April 27, 2021, this Court ordered Respondents to file an answer to the Petition within 30 days. On May 27, 2021, Respondents filed the Preliminary Objections, acknowledging that Robinson filed administrative appeals with the Parole Board on April 27, June 1, June 4, and August 13, 2020, and January 20, 2021. *See* Prelim. Objs. ¶ 8. Therein, Respondents represented that "Robinson's

---

On April 21, 2021, Robinson filed a Petition for Preliminary Injunction requesting an order directing Respondents to recalculate his maximum sentence release date. On July 22, 2021, this Court denied Robinson's Petition for Preliminary Injunction without explanation.

[13] Robinson claims that From, the hearing examiner for his August 2019 and September 2020 parole hearings, failed to investigate his sentence recalculation challenge and used it against him when deciding whether Robinson should be paroled. *See* Petition at 14-15, 32-33. Robinson further asserts that the current Parole Board members have failed to respond to his sentence recalculation challenge, but continue to take other actions against him. *See* Petition at 17-18, 30-31.

[14] 42 U.S.C. § 1983.

[Appeal] was answered and mailed to him on February 3, 2021 [(February 2021 Letter)],"[15] and they attached a copy of the February 2021 Letter thereto.[16] Prelim. Objs. ¶ 9; *see also* Prelim. Objs. Ex. A. Respondents argue that Robinson's *original* jurisdiction Petition should be dismissed pursuant to Pennsylvania Rule of Civil Procedure (Rule) 1028(a)(1) (lack of jurisdiction), because Robinson should have sought review of the Parole Board's February 2021 Letter in this Court's *appellate* jurisdiction (First Preliminary Objection). *See* Prelim. Objs. ¶¶ 3-10. Respondents also object on the basis that Robinson's Petition is moot because the Parole Board's February 2021 Letter granted the relief Robinson requested - a response to his Appeal (Second Preliminary Objection). *See* Prelim. Objs. ¶¶ 11-14.

On June 9, 2021, Robinson filed the Motion. Therein, Robinson requests this Court to enter judgment in his favor because Respondents' Preliminary Objections fail to address the material issues related to his Appeal, which allegedly implicate Respondents' liability for violating his constitutional right to due process. *See* Motion at 1-5.

On July 22, 2021, this Court ordered the parties to file briefs relative to Respondents' Preliminary Objections and Robinson's Motion. On September 22,

---

[15] The Parole Board's February 2021 Letter acknowledges

> correspondence received from [Counsel's] office and from [Robinson] on April 27, 2020 (postmarked 4/15/2020), June 1, 2020 (postmarked 5/21/2020), June 4, 2020 (postmarked 5/27/2020), August 13, 2020 (postmarked 8/7/2020), and January 20, 2021 (postmarked 1/14/2021). Additionally, correspondence received September 25, 2019 (postmarked 9/23/2019), October 16, 2019 (postmarked 10/10/2019), and March 10, 2020 (postmarked 3/4/2020) following a decision recorded September 17, 2019[,] that denied [] Robinson parole is also noted. A response to the parole denial challenge was mailed to [Robinson] in May 2020.

Prelim. Objs. Ex. A at 1.
[16] The February 2021 Letter was addressed to Counsel and copied to Robinson. *See* Prelim. Objs. Ex. A.

7

2021, Respondents filed a brief in support of their Preliminary Objections,[17] to which they attached the Parole Board Secretary's decision purportedly mailed on October 5, 2017, wherein the Parole Board denied Robinson's Appeal, explained its Original Sentence recalculations, and provided a new maximum sentence release date of August 13, 2024 (October 2017 Response).[18]  *See* Respondents' Br. Ex. C.

On October 26, 2021, Robinson filed a brief in opposition to the Preliminary Objections and in support of his Motion.  Robinson asserts, in pertinent part, that Respondents failed to answer the Motion, Respondents did not raise the October 2017 Response in their Preliminary Objections, and neither he nor Counsel nor DOC ever received the October 2017 Response or had knowledge of it before Respondents filed their brief in this Court.  *See* Robinson Br. at 5.

Robinson was reparoled at some point after he filed his brief in this Court.  By December 3, 2021 letter, Robinson notified the Court that his current

---

[17] Respondents did not respond to the Motion.  Notably, in their brief in support of the Preliminary Objections, Respondents state: "On June 15, 2021, this Court dismissed Robinson's request for judgment on the pleadings."  Respondents' Br. at 4.  However, this Court's June 15, 2021 Order granted Robinson's request to withdraw his previously filed Request for Entry of Default.  That Order did not dismiss the Motion.  In fact, this Court's July 22, 2021 Order directed Respondents to file their brief in support of the Preliminary Objections "and in opposition to [Robinson's] Motion [] on or before August 23, 2021."  July 22, 2021 Order.  In a subsequent response to Respondents' request for a filing extension, this Court granted Respondents until September 22, 2021, to file their brief in support of the Preliminary Objections "and in opposition to [Robinson's] Motion[.]"  Aug. 19, 2021 Order.

[18] The October 2017 Response reflects:

> This is a response to the administrative remedies form and additional correspondence received from you date stamped July 11, 2016, July 15, 2016, July 21, 2016, July 26, 2016, August 17, 2016, and January 6, 2017.  Because you object to your recomputed parole violation maximum date of November 12, 2022[,] and credit applied to you, your request is considered a petition for administrative review, from the [Parole B]oard action recorded June 3, 2016 (mailed June 23, 2016).

Respondents' Br. Ex. C at 1.

8

address is 113 Edgar Street in York, Pennsylvania. On December 9, 2021, this Court issued a rule to show cause why this matter should not be dismissed as moot because Robinson is no longer incarcerated (Rule to Show Cause). On January 18, 2022, Robinson filed an answer to the Rule to Show Cause, therein stating that this matter is not moot because he should have completed his sentence rather than being on parole. On January 24, 2022, this Court discharged the Rule to Show Cause.[19]

## Discussion

**Respondents' Preliminary Objections**

> The law is well settled:
>
> > In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted). "[C]ourts reviewing preliminary objections may not only consider the facts pled in the [petition for review], but also any documents or exhibits attached to it." *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014).

In the instant matter, Robinson has presented a myriad of claims stemming from the Parole Board's recalculation of his Original Sentence maximum release date due to his subsequent criminal convictions, but primarily the Parole Board's June 3, 2016 action. Robinson argues that, despite his Appeal from that

---

[19] Although this Court did not supply the reason for discharging the Rule to Show Cause, because Robinson is currently on reparole and he has not reached his current maximum sentence release date, the challenge he has raised to this Court is not moot.

action and the related correspondence he and Counsel have sent the Parole Board, Respondents failed to investigate and/or respond regarding his sentence recalculation challenge, and their disregard resulted in him being incarcerated beyond his Original Sentence maximum release date.

> Initially, pursuant to Section 6138(a) of the Prisons and Parole Code,

> > [w]hen a parolee is convicted of a new criminal offense committed while on parole and punishable by prison time, the [Parole] Board has authority, in its discretion, to recommit the parolee as a CPV. [*See*] 61 Pa[.]C.S. § 6138(a). Upon recommitment of a parolee, the [Parole] Board may order him to serve some or all of the remainder of his original sentence as backtime. *Id*.

*Allen v. Pa. Bd. of Prob. & Parole*, 207 A.3d 981, 985 (Pa. Cmwlth. 2019).

> > By definition, when the [Parole] Board imposes backtime, it does not alter a judicially-imposed sentence; it simply requires the prisoner to serve some or all of the time remaining on the original sentence. [*See Yates v. Pa. Bd. of Prob. & Parole*, 48 A.3d 496 (Pa. Cmwlth. 2012)]. The [Parole] Board is authorized to recalculate the maximum date of a sentence beyond the original date where it is not adding to the total length of the sentence. [*See*] *Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117 (Pa. Cmwlth. 2018) (maximum length of sentence, not maximum date, is controlling).

> > Here, at the time of his release on parole, [Robinson] had . . . [time] remaining on his [O]riginal [S]entence. In recalculating [Robinson's] maximum sentence [release] date, the [Parole] Board did no more than require him to serve that sentence. [*See*] *Yates*.

*Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 648 (Pa. Cmwlth. 2018).

> Robinson had 30 days to file his Appeal, which he did. *See* Section 73.1 of the Parole Board's Regulations, 37 Pa. Code § 73.1. Accepting Robinson's well-pled allegations in the Petition as true, as we must, *see Torres*, as of the date

10

Robinson filed the Petition in December 2020, the Parole Board had not responded to that Appeal.

"The remedy for the [Parole] Board's failure to timely act on an appeal is a petition for mandamus in this Court's original jurisdiction to require the [Parole] Board to issue its decision[.]" *Smoak v. Talaber*, 193 A.3d 1160, 1166 (Pa. Cmwlth. 2018) (quoting *Cooper v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 48 C.D. 2018, filed Aug. 7, 2018)[20]).

> The common law writ of mandamus lies to compel an official's performance of a ministerial act or a mandatory duty. *McGill v. P[a.] Dep[']t of Health, Off[.] of Drug [&] Alcohol Programs*, 758 A.2d 268, 270 (Pa. Cmwlth. 2000). 'The burden of proof falls upon the party seeking this extraordinary remedy to establish his legal right to such relief.' *Werner v. Zazyczny*, . . . 681 A.2d 1331, 1335 ([Pa.] 1996). Mandamus requires '[1] a clear legal right in the [petitioner], [2] a corresponding duty in the [respondent], and [3] a lack of any other adequate and appropriate remedy at law.' *Crozer Chester Med[.] C[tr.] v. . . . Bureau of Workers' Comp[.], Health Care Serv[s.] Rev[.] Div[.]*, . . . 22 A.3d 189, 193 ([Pa.] 2011) (citations omitted). Mandamus is not available to establish legal rights but only to enforce rights that have been established.

> *Sinkiewicz v. Susquehanna Cnty. Bd. of Comm'rs*, 131 A.3d 541, 546 (Pa. Cmwlth. 2015). "**Mandamus is not used to direct the exercise of judgment or discretion of an official in a particular way**." *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007) (emphasis added). Further, "[i]n the context of a discretionary act, a [C]ourt can issue such a writ to mandate the exercise of [its] discretion in some fashion, but not to require that it be exercised in a particular manner." *Sever v. Dep't of*

---

[20] Unreported decisions of this Court issued after January 15, 2008, may be cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

*Env*[*'t*] *Res.*, . . . 514 A.2d 656, 660 ([Pa. Cmwlth.] 1986) (quoting *U.S. Steel Corp. v. Papadakos*, . . . 437 A.2d 1044, 1046 ([Pa. Cmwlth.] 1981)).

*Stodghill v. Pa. Dep't of Corr.*, 150 A.3d 547, 552 (Pa. Cmwlth. 2016), *aff'd*, 77 A.3d 182 (Pa. 2018).

This Court has explained:

Although the Parole Code does not provide a deadline for the Parole Board to respond to a request for administrative relief, the Parole Board's time to respond is not indefinite.

A parolee's right to due process may be compromised where the delay to enter the appellate process causes prejudice. In *Slotcavage v. Pennsylvania Board of Probation and Parole*, 745 A.2d 89 (Pa. Cmwlth. 2000), the parolee claimed that the Parole Board violated his equal protection and due process rights because it took more than six months to respond to his administrative appeal. This Court stated:

[a]ssuming that the six-month delay was an unreasonable amount of time for the [Parole] Board to issue a decision, a parolee's due process rights to access the courts are not violated when a parole board puts off making a decision of parole until the parolee serves his time on other crimes. *Moody v. Daggett*, 429 U.S. 78 . . . (1976). . . . [Where an inmate] *was not prejudiced by the [Parole] Board's delay in responding to his administrative appeal*, [*the inmate's*] *due process rights under the United States and Pennsylvania Constitutions were not violated*.

*Slotcavage*, 745 A.2d at 92-93 (emphasis added). More recently, in *Cooper* . . . , this Court addressed the Parole Board's 15-month delay in acting on an administrative appeal, stating:

While the length of the delay on its face is substantial, it does not constitute a valid ground for relief from the [Parole] Board's decision, even if it were [sic] held to be unreasonable and inexcusable. . . . [A] delay in issuing a decision on

12

> a parole appeal does not violate an inmate's due process rights if the delay does not harm the inmate's ability to obtain the full relief he seeks[.]

Slip op. at 7-8 (citations omitted).

*Smoak*, 193 A.3d at 1165-66.

Based on the foregoing, Robinson had a clear legal right to have the Parole Board respond to his Appeal and, although there is no particular time in which it must do so, the Parole Board had a corresponding duty to render a decision on that Appeal. Accepting Robinson's well-pled allegations in the Petition as true, as we must, *see Torres*, the Parole Board failed to respond to his Appeal.

Respondents retort in the Preliminary Objections that the Parole Board *did* respond to Robinson's and Counsel's inquiries in its February 2021 Letter and, thus, Robinson's claim that the Parole Board failed to do so must be dismissed. *See* Prelim. Objs. at 3; *see also* Prelim. Objs. Ex. A. However, the February 2021 Letter does not refer to Robinson's Appeal or correspondence related thereto. Rather, it represents the Parole Board's response to Robinson's separate appeal from his *parole denial* challenge rather than Robinson's sentence *recalculation* challenge that is the subject of the Appeal. Because the February 2021 Letter does not appear to bear any relationship to Robinson's Appeal, it was not a Parole Board response to the Appeal to which Robinson was entitled.

In the face of the Parole Board's failure to render a decision on the Appeal, this mandamus action filed in this Court's *original* jurisdiction is the proper means for Robinson to seek relief. *See Smoak*. Accordingly, Respondents' First Preliminary Objection - that Robinson should have sought review in this Court's *appellate* jurisdiction - is overruled. Moreover, because the February 2021 Letter *was not* the Parole Board response *to the Appeal* to which Robinson was entitled,

13

Respondents' Second Preliminary Objection - suggestion of mootness based on the February 2021 Letter - is also overruled.

Respondents asserted for the first time in their brief in support of their Preliminary Objections that the October 2017 Response rendered Robinson's action moot. *See* Respondents' Br. at 7; *see also* Respondents' Br. Ex C. Robinson objects to this Court's consideration of the October 2017 Response, claiming that neither he, nor Counsel, nor DOC ever received or were aware of it before Respondents presented it with their brief to this Court, and Respondents did not plead it in, or attach it to, their Preliminary Objections. *See* Robinson Br. at 5, 14-15.

This Court observes that the Petition and accompanying documents support Robinson's objection to the October 2017 Response. Specifically, in answer to Robinson's March 1, 2020 Inmate's Request to Staff Member, Boyce informed Robinson that, as of that date, DOC records reflected that his Original Sentence maximum release date was November 24, 2023. *See* Petition Ex. B. If DOC had notice or it appeared in Robinson's file that, in October 2017, the Parole Board had recalculated Robinson's maximum sentence release, Boyce's response would have referenced an *August 13, 2024* maximum date rather than a *November 24, 2023* maximum date. In addition, in dismissing Robinson's action in May 2020, this Court had accepted as true Robinson's allegations that, as of that date, the Parole Board had not issued a decision regarding Robinson's Appeal.[21] Accordingly, the Petition and the documents attached thereto call into question whether the Parole Board made Robinson, Counsel, and/or DOC aware of the October 2017 Response before filing their brief in this Court.

---

[21] The Parole Board entered counsel's appearance in that appeal, but this Court had not yet ordered the Parole Board to respond to Robinson's petition for review before this Court dismissed the matter.

14

Moreover, Rule 1028(b) requires that "[a]ll preliminary objections shall be raised at one time[, and t]hey shall state specifically the grounds relied upon . . . ." Pa.R.Civ.P. 1028(b). Pursuant to Rule 1028(b), this Court is precluded from addressing objections raised for the first time in a brief and/or argument in support of preliminary objections. *See Balsbaugh v. Dep't of Gen. Servs.*, 815 A.2d 36 (Pa. Cmwlth.), *aff'd*, 815 A.2d 628 (Pa. 2003).

Because it is not clear that the necessary parties received the October 2017 Response, and it was not raised in, attached to, or even suggested by Respondents' Preliminary Objections, this Court will not sustain Respondents' Second Preliminary objection - suggestion of mootness - on that basis.

Because it does not "appear with certainty that the law will not permit recovery," and resolving "any doubt . . . by [] refus[ing] to sustain them[,]" *Torres*, 997 A.2d at 1245, this Court overrules Respondents' Preliminary Objections.

**Robinson's Motion**

> This Court has explained:
>
> "A motion for judgment on the pleadings is in the nature of a demurrer"; thus, "all of the opposing party's allegations are viewed as true and only those facts which have been specifically admitted by him may be considered against him." *Trib Total Media, Inc. v. Highlands Sch*[.] *Dist*[.], 3 A.3d 695, 698 n.2 (Pa. Cmwlth. 2010).
>
> In reviewing a motion for judgment on the pleadings we "may only consider the pleadings themselves and any documents properly attached thereto."[22] *Id.* The motion should only be granted "when the pleadings show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* Further, "the party moving for judgment on the pleadings must admit

---

[22] Notably, supporting briefs are not expressly listed among the pleadings recognized by Rule 1017 (relating to pleadings allowed). *See* Pa.R.Civ.P. 1017.

the truth of all the allegations of his adversary and the untruth of any of his own allegations that have been denied by the opposing party." *Pfister v. City of Phila*[.], 963 A.2d 593, 597 (Pa. Cmwlth. 2009). Where "material issues of fact are in dispute, judgment on the pleadings cannot be entered." *Id*.

*POM of Pa., LLC v. Dep't of Rev.*, 221 A.3d 717, 722 n.7 (Pa. Cmwlth. 2019). "[T]he burden is on the moving party to prove the non-existence of any genuine issue of fact[,] and . . . all doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party." *Lyman v. Boonin*, 635 A.2d 1029, 1032 (Pa. 1993).

Despite this Court's conclusion relative to Respondents' Preliminary Objections that Robinson has pled a viable mandamus action, whether the Parole Board responded to Robinson's Appeal from the Parole Board's June 3, 2016 action and/or whether he or Counsel or DOC received, or were aware of, the Parole Board's purported October 2017 Response represents outstanding questions of material fact. Accordingly, Robinson's Motion is denied.

## Conclusion

Based on the foregoing, Respondents' Preliminary Objections are overruled, and Robinson's Motion is denied.

_____
ANNE E. COVEY, Judge

16

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Willie Robinson,                 :
          Petitioner         :
                        :
          v.                :
                        :

Parole Agent Snyder, Records Officer  :
B. Boyce, Hearing Examiner Mr. From,  :
Current Parole Board Members,      :
A.R. Designee Scott Woolf, S. Kerwin  :
Case Technician,            :    No. 676 M.D. 2020
          Respondents     :

## O R D E R

AND NOW, this 26th day of October, 2022, Parole Agent Snyder's, Records Officer B. Boyce's, Hearing Examiner Mr. From's, Current Parole Board Members', A.R. Designee Scott Woolf's, and Case Technician S. Kerwin's (collectively, Respondents) preliminary objections to Willie Robinson's (Robinson) pro se motion to compel are OVERRULED. Respondents are directed to file an answer to the motion to compel within 30 days from the date of this Order.

Robinson's Motion for Judgment on the Pleadings is DENIED.

_____
ANNE E. COVEY, Judge